**Michael Lynn HATCH, Appellant,**

v.

**The STATE of Texas.**

**No. 976–96.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 10, 1997.

---

Bruce Anton, Dallas, for appellant.

Lara Greer Urbach, Asst. Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

A jury convicted appellant of the felony offense of delivery of cocaine and the court assessed a sentence, enhanced by two prior felony convictions, at twenty years' confinement. The record reflects that after appellant's trial began, the State and appellant agreed to proceed with eleven jurors after it was learned one of the jurors was not a United States citizen.[1] The eleven member jury returned a unanimous guilty verdict.

On direct appeal, appellant's sole point of error claimed the jury had no power to render a verdict because it was composed of less than twelve jurors. The State claimed appellant waived the right to a jury composed of twelve members.

Relying on this Court's recent decision in *Ex parte Hernandez*, 906 S.W.2d 931 (Tex. Cr.App.1995), the Court of Appeals held appellant could not waive the requirement of Article 36.29(a), V.A.C.C.P., that no less than twelve jurors render a verdict in a felony case. *Hatch v. State*, 923 S.W.2d 98, 99 (Tex.App.—Dallas 1996); see Article 36.29(a) (not less than twelve jurors can render and return a verdict in a felony case). The Court of Appeals reversed the conviction and remanded the cause for a new trial. We granted the State's petition for discretionary review to reexamine our decision in *Hernandez* and to once again reexamine the question of whether a defendant can waive his statutory right under Article 36.29(a) to a jury of twelve members.

In *Hernandez*, this Court held a defendant could not waive his right to a jury of twelve members. *Hernandez*, 906 S.W.2d at 932. We based our decision in *Hernandez* on *Jones v. State*, 52 Tex.Crim. 303, 106 S.W. 345, 347 (1907) (op. on reh'g), and Article 5, Section 13, of the Texas Constitution, which provides that a petit jury in a district court shall be composed of twelve persons. However, the State now claims that our reliance in *Hernandez* on *Jones* was misplaced because of subsequent statutory developments that have occurred since *Jones* was decided.

We agree. In *Jones*, this Court held a defendant could not waive his right to trial by twelve jurors in a felony case. See *Jones*, 106 S.W. at 347. When *Jones* was decided, the applicable statute provided that a "defendant in a criminal prosecution for any offense may waive any right secured to him by law, except the right of trial by jury in a felony case." *Jones*, 106 S.W. at 347.

However, since *Jones* was decided, several significant statutory developments pursuant to constitutional authority have occurred which have rendered *Jones* obsolete. We first set out the pertinent constitutional provisions. Article 1, Section 10, of the Texas Constitution, in relevant part provides that in

---

1. Section 62.102 of the Government Code provides the minimum threshold requirements for juror qualification. It states that a juror is disqualified to serve as a juror unless he ... "is a citizen of this state and of the county in which he is to serve as a juror;" and "is qualified under

the constitution and laws to vote in the county in which he is to serve as a juror." Thus, the juror in the instant case was not qualified to serve on the jury because she was not a citizen of the United States.

all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. Article 1, Section 15, of the Texas Constitution, in relevant part provides that the right of trial by jury shall remain inviolate but that the *"Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."* (Emphasis Supplied). And, Article 5, Section 10, of the Texas Constitution, in relevant part provides that in the trial of all causes in the District Courts, the plaintiff or the defendant shall, upon application made in open court, have the right of trial by jury.

This Court had held the applicable statute prior to the amendments discussed herein permitted a defendant in all misdemeanor cases to waive a jury altogether which carried with it the further right to agree to a trial by a jury composed of less than six members. See *Mackey v. State,* 68 Tex. Crim. 539, 151 S.W. 802, 803 (1912); *Stell v. State,* 14 Tex.App. 59 (1883).[2] In 1931, the statute was amended to permit waiver of a jury trial upon a plea of guilty to a noncapital felony. See S.B. 53, 42nd Leg., R.S., Acts 1931, ch. 43; see also Interpretative and Special Commentaries to Article 1.15 (Vernon's 1977). Soon after this, this Court decided the second sentence of Article 1, Section 15, granting the Legislature the authority to regulate the right to trial by jury, authorized the 1931 amendment that permitted waiver of a jury trial upon a plea of guilty to a noncapital felony. See *McMillan v. State,* 122 Tex.Crim. 583, 57 S.W.2d 125 (1933) (under the second sentence of Article 1, Section 15, the Legislature does not have the power to deny the right to trial by jury, but it does have the power to provide for the waiver of such right).

In 1965, the statute was amended to permit waiver of a jury trial in all noncapital felonies. See Code of Criminal Procedure Revision Act of 1965, 59th Leg., R.S., Acts 1965, ch. 722; see also Interpretative and Special Commentaries to Article 1.15 (Vernon's 1977). Subsequent legislative amendments culminating in current Article 1.15 permit a defendant with the consent of the prosecution to waive a jury trial in all noncapital cases and capital cases where the prosecution does not seek the death penalty. See also Article 1.13, V.A.C.C.P.; Article 1.14, V.A.C.C.P.

Since Article 1.15 has been amended to permit waiver of a jury in all noncapital felonies and capital felonies where the prosecution does not seek the death penalty, it is a logical extension of *Mackey* to hold that Article 1.15 carries with it the further right to waive a jury composed of twelve persons in these felonies. See *Mackey,* 151 S.W. at 803. And, since the second sentence of Article 1, Section 15, authorizes the statutory waiver of a jury trial in these felonies, then it also authorizes the waiver of a jury composed of twelve persons in these felonies. See *McMillan,* 57 S.W.2d at 125.

In addition, pursuant to the constitutional authority in Article 1, Section 15, which authorized the jury-waiver statute in Article 1.15 which carries with it the further right to agree to trial by a jury composed of less than twelve persons, the Legislature in 1985 also enacted Section 62.201 of the Texas Government Code.[3] Section 62.201 expressly provides:

"The jury in a district court is composed of 12 persons, *except that the parties may agree to try a particular case with fewer than 12 jurors."* (Emphasis Supplied).

The "plain" language of Section 62.201, Texas Government Code, makes no distinction between civil and criminal cases and nothing in Section 62.201, Texas Government

---

2. These cases applied Texas Code of Criminal Procedure, Article 22, which was the statutory predecessor to current Article 1.15, V.A.C.C.P. Article 22 provided that no person "can be convicted of a felony except upon the verdict of a jury duly rendered and recorded." When the Court in *Mackey* said, "[o]ur statute provides that an appellant in a misdemeanor case can waive a jury altogether," it seems to have been referring to Article 22. See *Mackey,* 151 S.W. at 803, citing *Stell,* 14 Tex.App. 59. Article 22 literally

does not say a defendant can waive a jury in a misdemeanor case; it says a felony conviction requires a jury verdict. The absence of such a requirement for misdemeanor cases implied there was no such restriction on a misdemeanor defendant's general right of waiver.

3. Acts 1985, 69th Leg., ch. 480, Section 1, effective September 1, 1985.

Code, conflicts with anything in Article 36.29, Texas Code of Criminal Procedure. Moreover, Article 35.03, Section 2, Texas Code of Criminal Procedure, makes explicit reference to Chapter 62 of the Texas Government Code which sets out the general provisions for petit juries in this state. In addition, Section 62.011(a), Texas Government Code, expressly authorizes a commissioners' court on "the recommendation of a majority of the district and criminal district judges of a county" to adopt a plan for the selection of names of persons for jury service with the aid of electronic or mechanical equipment instead of drawing names from a jury wheel. We perceive no reason why Section 62.201 should not apply to criminal cases.

The dissenting opinions filed by Judge Overstreet and Judge Baird claim Section 62.201 should not be interpreted to apply to criminal cases because it was intended to apply only to civil cases. These arguments ignore the "plain" language of Section 62.201 and would effectively legislate an exception to Section 62.201. See *Garcia v. State*, 829 S.W.2d 796, 800–01 (Tex.Cr.App.1992) (Clinton, J., concurring) (this Court has no power to act as a "superlegislature" by legislating exceptions to the "plain" language of our statutory enactments). These arguments also are inconsistent with the approach this Court has taken in other statutory construction cases. See *State v. Johnson*, 939 S.W.2d 586 (Tex.Cr.App.1996); *State v. Daugherty*, 931 S.W.2d 268 (Tex.Cr.App.1996). In addition, Chapter 62 of the Government Code shows that the Legislature knew how to restrict statutes to civil cases. For example, the very next section of the Texas Government Code, Section 62.202, is restricted to "a civil case." The Legislature's choice not to so restrict Section 62.201 should not be denied significance.

The dissenting opinions also imply that the first sentence of Article 36.29(a), requiring a verdict of not less than twelve jurors, should take precedence over Section 62.201 because they deal with the same subject and cannot be reconciled. However, Section 62.201 and the first sentence of Article 36.29(a) can be harmonized by reading the first sentence of Article 36.29(a) to require a verdict of twelve jurors in a felony case unless the parties agree to fewer jurors under Section 62.201.[4]

Finally, Judge Baird's dissenting opinion suggests we have created a "fictional distinction" between waiver of a right to be tried by twelve jurors and waiver of a right to trial by jury. However, there is a very real distinction between waiver of a right to trial by jury and waiver of a right to be tried by twelve jurors. See *McMillan*, 57 S.W.2d at 125; *Mackey*, 151 S.W. at 803. A defendant who agrees to be tried by less than twelve jurors is still exercising his right to trial by jury.

Based on the foregoing, we must agree that *Hernandez* was wrongly decided and that our reliance in *Hernandez* on *Jones* was misplaced. Therefore, we overrule*Hernandez*[5] and hold a defendant may waive Article 36.29(a)'s requirement that not less than twelve jurors can return a verdict in a noncapital felony case.

We reverse the judgment of the Court of Appeals and affirm the judgment of the trial court.

BAIRD, Judge, dissenting.

The majority opinion is yet another attempt to circumvent applicable law in furtherance of a result oriented agenda. The majority holds "... in light of Section 62.201 of the Texas Government Code, and the other statutory provisions discussed herein, we

---

4. Moreover, the second sentence of Article 36.29(a) can be construed to stand side by side with Section 62.201. If, under the second sentence of Article 36.29(a), "one juror may die or be disabled from sitting" before the court's charge is read to the jury, the case can proceed to a verdict whether or not the parties agree.

  Article 36.29(c), V.A.C.C.P., also can be construed to stand side by side with Section 62.201. Under the circumstances described in Article 36.29(c), the trial court is required to discharge

the jury unless the parties agree to fewer jurors under Section 62.201.

5. We also note that had the rule we adopt here been applied to the facts in *Hernandez* the result would have been the same because the State refused to agree to proceed with less than twelve jurors and therefore a manifest necessity existed requiring the trial court to declare a mistrial. See *Hernandez*, 906 S.W.2d at 932; Section 62.201; Article 1.15; Article 1.14; Article 1.13.

must agree that *Hernandez* was wrongly decided and that our reliance in *Hernandez* on *Jones* was misplaced. Therefore we overrule *Hernandez* and hold a defendant may waive article 36.29(a)'s requirement that not less than twelve jurors can return a verdict in a noncapital felony case." *Ante* at 814.

The majority errs in relying upon a Texas Government Code provision as controlling authority when the Code of Criminal Procedure provides authority on the very same point. This is done because the majority can "perceive no reason why § 62.201 should not apply to criminal cases." *Ante* at 816. There are, however, several reasons why Tex. Gov't Code § 62.201 should not, and does *not* apply to criminal cases.

## I. Right of Trial by Jury in Felony Case is Right of Trial by a Jury of *Twelve*

The majority argues that the Legislature enacted § 62.201 pursuant to constitutional authority found in art. I, § 15 of the Texas Constitution and that it necessarily represents the intent of the Legislature that parties can agree to try cases with less than twelve jurors in all cases. By focusing exclusively on art. I, § 15 as authority for § 62.201, the majority ignores art. V, § 13 of the Texas Constitution as the obvious, and primary constitutional underpinning of § 62.201. Art. V, § 13 is purposefully ignored because it reveals a truth antithetical to the majority's holding.

The majority chooses art. I, § 15 as the authority for § 62.201 in an attempt to construct an unprecedented, tenuous, and fictional distinction between the right of *trial by jury* in a felony case, and *the right of trial by twelve jurors* in a felony case. Specifically, they argue "pursuant to the constitutional authority in art. I, § 15 which authorized the jury-waiver statute in art. 1.15 [Tex.Code Crim. Pro.] *which carries with it the further right to agree to trial by a jury composed of less than twelve persons, the legislature in 1985 also enacted Section 62.201 of the Texas Government Code.*" *Ante* at 815.[1] This argument has no basis and is concocted out of thin air.

1. All emphasis is supplied unless otherwise indi-

### A.

Art. 1.15 is not relevant to the present case because *art. 1.15 applies only to cases tried before the court and has nothing whatsoever to do with § 62.201 which, in turn applies only to cases where there is a jury trial.* *Holtzclaw v. State,* 451 S.W.2d 505, 507 (Tex. Cr.App.1970) (art. 1.15 has no application in jury cases regardless of whether punishment is assessed by court or jury); *Basaldua v. State,* 481 S.W.2d 851, 855 (Tex.Cr.App.1972) (art. 1.15 expressly applies only in non-capital felony cases where jury has been waived). Therefore, art. 1.15 cannot possibly "carry with it" a *right to a jury trial by a jury consisting of less than twelve jurors.* However, because the majority is capable of making this the law, I will address the substance of their argument.

### B.

Second, the majority opinion is incorrect that an accused can agree to a trial by jury of less than twelve because case law is clear a jury in a felony prosecution *must consist of twelve individuals and a jury composed of less than twelve is simply not a jury.* Unquestionably, an accused may waive, *in entirety,* his right to a jury trial under both the United States Constitution and under the Texas Constitution. *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930); *Samudio v. State,* 648 S.W.2d 312 (Tex.Cr.App.1983) But, despite the majority's attempt to confuse the issue, waiver of an accused's right of trial by jury, in its entirety, is not at issue here.

In *Clark v. State,* 161 Tex.Crim. 278, 276 S.W.2d 819, 820 (1955), this Court held the requirement that there be twelve jurors in a felony case is so integral to the right of trial by jury, that a verdict rendered by less than twelve jurors vitiates the defendant's right of trial by jury so as to make the judgment void. Relying on Tex. Const. art. V, § 13 that a jury in district court shall be composed of twelve jurors, and art. I, § 15 that the right of trial by jury shall remain inviolate, the Court declared that "[a]n essential element, then, of the right of trial by jury, in a

cated.

*felony case, is that the jury must be composed of twelve jurors .... [and][a] judgment in a felony case where there is a plea of not guilty, based upon a verdict of only eleven jurors, is absolutely void." Id.* Importantly, the opinion goes on to say, "... *any agreement that he [defendant] may have made consenting thereto [to a jury of less than twelve] would be ineffective." Id.See also, Dunn v. State,* 92 Tex.Crim. 126, 242 S.W. 1049 (1922) (holding a judgment in a felony case based on a verdict of only eleven jurors is absolutely void). It is axiomatic then that the right of trial by jury is, in a felony case, premised on there being twelve jurors.

### C.

Third, the majority opinion creates a nonexistent nexus between § 62.201 and art. 1.15, the alleged commonality being art. I § 15 as the constitutional authority for both provisions. The majority wants us to believe if art. I, § 15 authorizes art. 1.15 to permit an accused to waive his right to trial by jury, art. I, § 15 must also authorize § 62.201 to permit an accused to consent to being tried by a jury of less than twelve. Not only does this argument originate in thin air, it is deceitful. The majority couches art. 1.15 as *granting* an accused the right to waive a jury trial. However, *art. 1.15 is, in fact couched as a restriction on an accused's right to waive a jury trial:*

> *No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless* the defendant, upon entering a plea, has [1] *in open court* [2] *in person* waived his right of trial by jury [3] *in writing* [4] *in accordance with Articles 1.13 and 1.14* ... [numbering mine].

Conveniently, the majority failed to mention waiver of a jury trial pursuant to art. 1.15; MUST be in writing, and in accordance with 1.13 and 1.14. In fact, "the jury-waiver statute in art. 1.15," [so called by the majority, *Ante* at 815], actually *forbids* jury waiver unless the waiver is in accordance with 1.13 and 1.14. Art. 1.13 requires an accused, in a felony case, *expressly waive that right [of trial by jury] in writing* in open court with the consent and approval of the court and the attorney representing the State. *Meek v. State,* 851 S.W.2d 868 (Tex.Cr.App.1993) (denial of appellant's constitutional right to a trial by a jury of six without a written waiver of such right constitutes reversible error). *See also, Townsend v. State,* 865 S.W.2d 469, 470 (Tex.Cr.App.1993). The defendant in this case did not waive either his right to trial by jury, or for that matter, his right of trial by twelve jurors in writing. Because this case was indeed a jury trial case which precludes application of art. 1.15, and there is no written waiver of defendant's right to either a trial by jury, or trial by jury composed of twelve jurors in this case, the majority's entire premise is fatally flawed and therefore its entire opinion is incorrect.

### II. Legislative History Demonstrates § 62.201 is Not Applicable to Criminal Cases

The majority argues that the Legislature enacted § 62.201 pursuant to constitutional authority and that it represents the intent of the Legislature that parties can agree to try cases with less than twelve jurors in all cases. The majority reasons that because there is no language in § 62.201 limiting its application to civil cases, it necessarily applies to both civil and criminal cases. *See, Ante* at 814. This simplistic reasoning exemplifies a lack of diligent research.

Tex. Gov't Code § 62.201, and its statutory predecessors, were enacted pursuant to legislative authority found in art. V, § 13 of the Texas Constitution which provides:

> Grand and petit juries in the District Courts shall be composed of twelve men, but nine members of a grand jury shall be a quorum to transact business and present bills. In trials of civil cases, and in trials of criminal cases below the grade of felony in the District Courts, nine members of the jury, concurring, may render a verdict, but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it. When, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power

to render the verdict; provided, *that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict.*

While I agree that Tex. Gov't Code § 62.201, which provides "The jury in a district court is composed of 12 persons, except that the parties may agree to try a case with fewer than 12 jurors," represents the Legislature's intent regarding the number of jurors necessary in district court in *civil* cases, the majority fails to persuade me that § 62.201 has any bearing on *criminal* cases. In fact, the statutory predecessors were always located in chapters dealing exclusively with "juries in *civil* cases," and for as long as the statute has been on the books, there has been a parallel code of criminal procedure provision, presently Tex.Code Crim. Proc. Ann. art. 33.01.

Section 62.201 originated in 1879 as Article 3100 in chapter Eleven of the Revised Statutes of Texas under the title of "Juries in *Civil* Cases," which provided:

> The jury in the district court shall be composed of twelve men; but the parties may by consent agree, in a particular case, to try with a less number.

In 1911, this provision was *recodified* as Rev. Civ.St.1911, arts. 5214 and 5216. Rev.Civ.St. 1911 art. 5214 is found in the Revised *Civil Statutes* of the State of Texas in Title 75 titled "Juries in *Civil Cases*" in Chapter 12 and reads:

> Jury in *district Court.*—The jury in the *district courts* shall be composed of twelve men; but the parties may by consent agree, in a particular case, to try with a less number. [Const., art. 5, § 13.][2]

The provision was again *recodified* in 1925 as Vernon's Annotated *Civil* Statutes art. 2191, the immediate predecessor to § 62.201. The language reads the same:

> The jury in the district courts shall be composed of twelve men; but the parties

may by consent agree, in a particular case, to try with a less number.[3]

Then, in 1985, the 69th Legislature again *recodified* the statute without any substantive change, and it became Tex. Gov't Code § 62.201.[4]

The majority suggests that the "enactment" of § 62.201 in 1985 was a "statutory development" signifying legislative intent parties may consent to try cases with less than a full jury in *all* cases in district court. *Ante* at 815. Tex. Gov't Code § 62.201, however, was hardly an "enactment," and far from a "statutory development." Rather, it was a mere *recodification* of an old civil statute. Other than the majority's unsupported contention, there is no indication that § 62.201 was ever intended to apply to criminal cases. In fact, the Code of Criminal Procedure, which governs criminal cases provides authority regarding the requisite number of jurors in both felony and misdemeanor prosecutions. Tex.Code Crim. Proc. art. 36.29 and art. 33.01. Pursuant to this Court's precedent, as discussed in § IV *infra*, these provisions control.

## III. Parallel Provisions Regarding Jurors in Criminal Cases Found in Code of Criminal Procedure

Considering § 62.201's pedigree, I could not find a single criminal case which has relied on it to support a verdict rendered by a jury of less than twelve. Likewise, the majority has not cited any criminal case for this proposition either. I consulted § 62.201's constitutional authority, art. V, § 13, to see if it provided any guidance on § 62.201's applicability to criminal cases. The section titled "cross references" following the language of art. V, § 13 in Vernon's Ann. Tex. Const. refers to Texas Code Crim. Proc. Ann. art. 33.01 as the law regarding the necessary number of jurors for a *criminal* case in district court. Just as the Legislature acted pursuant to their art. V, § 13

---

2. Rev.Civ.St.1911 art. 5216 is also found in Title 75—Juries in Civil Cases—Chapter 12 and provides: "Jury in county and justices' courts.—The jury in the county courts and in courts of justices of the peace shall be composed of six men."

3. Vernon's Ann.Civ.St. art 2191, also cited by § 62.201 as prior law, merely combines the language of Rev.Civ.St.1911, arts. 5214 and 5216 and cites the reader back to those two provisions.

4. Prior to § 62.201, this provision was located in Vernon's Ann.Civ.St. art 2191.

power when they enacted § 62.201 to provide for the number of jurors required for a *civil* case in district court, they enacted art. 33.01 pursuant to art. V, § 13 to provide for the number of jurors required for a *criminal* case in district court. Art. 33.01 provides:

> In the district court, the jury shall consist of twelve qualified jurors; in the county court and inferior courts, the jury shall consist of six qualified jurors.

The legislative history of art. 33.01 demonstrates that the Legislature never intended that parties could agree to try criminal cases with less than a full jury. Art. 33.01 can be traced back to the 1879 Code of Criminal Procedure where it appeared as Title VIII "Of Trial and its Incidents," Chapter One, art. 595, which provided:

> In the district court the jury shall consist of twelve men; in the county courts and inferior courts, the jury shall consist of six men.

This language, although recodified in 1925 as Vernon's Ann.C.C.P.1925, art. 578, is virtually the same today as it was in 1879. Unlike § 62.201, art. 33.01, from its very inception, has never provided the parties may agree to try cases with less than twelve jurors.

Important to this case involving a felony prosecution, the Legislature exercised their art. V, § 13 power to enact Tex.Code Crim. Proc. Ann. art. 36.29(a), which dictates, very specifically, the necessary number of jurors for a *felony case:*

> Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman; provided, however, when pending the trial of any felony case, *one juror may die or be disabled from sitting* at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the *jury concurring in it....*

According to the plain language of art. 36.29(a), the only statutory exception to the "not less than twelve" rule, is if one juror dies or is "disabled" from sitting at any time before the charge of the court is read to the jury. Case law has defined the "disabled" juror exception very narrowly. In *Landrum v. State,* 788 S.W.2d 577, 579 (Tex.Cr.App. 1990), this Court explained that a:

> ... determination of whether to excuse a juror pursuant to Art. 36.29(a) is within the sound discretion of the trial judge.... However, the statute limits the exercise of that discretion to situations where there exists some physical illness, mental condition, or emotional state which hinders one's ability to perform one's duties as a juror.... Bias for or against any of the law applicable to the case, while an appropriate basis on which to challenge a member of the venire for cause, does not render a member of the sworn jury panel mentally impaired such that he is disabled as envisioned by Art. 36.29(a).

The juror in the instant case was excused because she was not a United States' citizen. While this reason is an appropriate ground for challenging a veniremember for cause pursuant to Tex.Code Crim. Proc. Ann. art. 35.16(a)(1) as not being qualified to vote in the State or county under the Constitution and laws of the State, it certainly does not render a juror "disabled" under art. 36.29. *See, Landrum,* 788 S.W.2d at 579. Because art. 36.29(a) does not apply to excuse the juror in the instant case, the requirement that twelve jurors render the verdict in this felony case stands.

## IV. *Stare Decisis* Dictates Code of Criminal Procedure Controls Over Texas Government Code

Additionally, this Court has already decided that a Code of Criminal Procedure provision takes precedence over a Texas Government Code provision when both provisions deal with the same issue. In *Cantu v. State,* 842 S.W.2d 667 (Tex.Cr.App.1992), the defendant contended it was error for the trial judge to rely on Tex.Code Crim. Proc. Ann. art. 35.16(a)(2), which deals with juror qualification in criminal cases because art. 35.16(a)(2) conflicted with Tex. Gov't Code § 62.102 which also addressed juror qualifications generally, for both civil and criminal cases. This Court said:

... the provisions of Articles 35.16 and 35.19 [of the Code of Criminal Procedure] control juror qualification in criminal cases....

*Section 62.102 is a general provision relating to many types of jury service, while Article 35.16 is a special provision, relating only to jury service in criminal cases.* Whenever a general provision conflicts with a special or local provision, the provisions should be construed together, if possible, so that both can be given effect. If there exists irreconcilable conflict between the general and special provisions, the local provision prevails. An exception to this general principle exists when both (1) the general provision is enacted after the special or local provision, and (2) it is manifestly intended that the general provision prevail over the special or local provision.

In the case at bar, the trial judge reconciled the two provisions as follows:

> [BY THE COURT]: *[T]he Government Code is a floor not a ceiling and that in a trial of a criminal case, particularly a case as we have here, that the Texas Code of Criminal Procedure must take precedence. And furthermore, it would be more general as to what we're doing here, the Government Code relying to jurors in both civil and criminal cases.*

We agree with this analysis. We find that the two provisions are capable of reconciliation and do not pose the type of irreconcilable conflict addressed in Section 311.026(b). Section 62.102 encompasses all types of trials and is a minimal threshold of juror qualifications. By contrast, Article 35.16 stated additional disqualifying factors to be considered in criminal cases. In addition, we find that even if the two provisions were incapable of harmonization, *Section 62.102 is not manifestly intended to displace the relevant provisions of Article 35.16, and therefore the specific provisions of Article 35.16 would prevail in criminal cases.* Articles 35.16 and 35.19 are therefore controlling in this case.

*Id.*, 842 S.W.2d at 685–86, n. 13. This issue is settled law and the majority is wrong to ignore our precedent.

## V.  *Jones & Hernandez* are Still Good Law

In order to hold as it does, the majority must overrule a recent decision of this Court, *Ex parte Hernandez*, 906 S.W.2d 931 (Tex. Cr.App.1995). They contend now that *Hernandez* was wrongly decided because it relied on *Jones v. State*, 52 Tex.Crim. 303, 106 S.W. 345 (1907) (Op. on Reh'g), which they argue was superseded by the 1985 enactment of Tex. Gov't Code § 62.201. *Ante* at 814. As discussed *supra*, not only does § 62.201 have no bearing on criminal felony cases in district court, but its statutory predecessors, dating back to 1879, *preceded Jones.*

Jones was convicted by a jury of eleven men after the parties agreed in open court to excuse one juror because the juror's brother had been killed. The law at the time permitted juries of less than twelve only if the twelfth juror was excused for either death or disability. *See*, Tex.Code Crim. Pro. Ann. art. 36.29(a). Since the twelfth juror in *Jones* was excused by agreement for a reason other than death or disability, the Court reversed the judgment in strict compliance with the art. V, § 13 mandate that a petit jury in a felony case in district court be composed of twelve men. *Jones*, 106 S.W. at 347.

Because a statutory predecessor to § 62.201 existed at the time *Jones* was decided, the Court could have used that version of § 62.201 to decide that case in the way the majority decides the present case. In that event, the Court would have held that because Jones consented a jury of eleven to render a verdict against him, he *implicitly agreed* to be tried by a jury of less than twelve. However, in *Jones*, this Court said that *"It would seem that the constitutional provisions cited, as well as the acts of the Legislature in obedience thereto, place the right of trial by 12 jurors in a felony case even beyond the reach of the accused party waiving that right." Jones*, 106 S.W. at 347.

Only two years ago, Judge McCormick authored the opinion in *Hernandez* in which

this Court reaffirmed its holding in *Jones*.[5] In *Hernandez*, a jury of twelve was empaneled, the trial commenced, and after the first defense witness testified, a juror informed the trial judge, outside the presence of the other jurors, that he wished to be disqualified as a juror because he knew appellant's father from grade school and high school. *See, Hernandez*, 906 S.W.2d at 932. Although Hernandez's counsel conveyed that he had no objection to excusing the juror from the jury and proceeding with eleven jurors, the State moved for a mistrial, refusing to proceed without the mandatory twelve jurors as required by art. 36.29(a). The trial judge excused the juror as biased and Hernandez argued he should have been permitted to be tried by eleven jurors. In *Hernandez*, Judge McCormick stated:

> Article 36.29(a) *commands* that a felony verdict may not be returned by fewer than twelve jurors unless one of the jurors "may die or be disabled from sitting at any time before the charge of the court is read to the jury[.]". It is also well established that a bias or prejudice in favor of or against the defendant is not a disability within the meaning of Article 36.29(a). As well, Texas Constitution Article V, Section 13 states in part that, "Grand and petit juries in the District Courts shall be composed of twelve men; ..." *This constitutional requirement has been held to be non-waivable even with the consent of the State and the defendant. Accordingly, the trial judge could not allow appellant's felony trial to proceed with only eleven jurors* [internal citations omitted].

*Id.* The same law, which was clear to Judge McCormick only yesterday, is today blindly overruled by him in light of a "statutory development," which is not a development at all. *Ante* at 814.

## VI. Conclusion

Art. 1.15 of the Code of Criminal Procedure which permits a defendant to waive the right of trial by jury and have the case tried before the court does not carry with it a right to agree to proceed with a jury of less than twelve. Additionally, articles 1.13, 1.14, and 1.15 require any waiver of the right of trial by jury be in writing. Tex. Gov't Code § 62.201 is not applicable to criminal cases and all cases which have applied the provision are civil cases. Section 62.201 is not a "statutory development" and it was not "enacted" in 1985. Rather it is a *recodification* of an older civil statute that actually predates our decision in *Jones*.

Finally, this Court has said when the Code of Criminal Procedure and the Texas Government Code address the same matter, the Code of Criminal Procedure provision will control. *See, Cantu*, 842 S.W.2d at 685, n. 13. *Clark* makes it perfectly clear that the right to trial by jury in a felony case is tantamount to the right of trial by twelve jurors. Because appellant was tried by a jury of less than twelve, without statutory authority, the judgment of the Court of Appeals should be affirmed.

Only two years ago in *Hernandez*, the majority followed the law and permitted the State to assert the requirement that there be twelve jurors in a felony prosecution. They owe as much to the appellant today even if, this time, the law does not favor the majority's partisan agenda of reaching results which ultimately benefit the State. Because the majority fails to resolve this case fairly and impartially in accordance with settled precedent, I dissent.

OVERSTREET, Judge, dissenting.

I dissent to the majority's application of V.T.C.A. Gov't Code, § 62.201 in the disposition of this case. I am not convinced that we should consult and rely on a section of the Government Code when the Code of Criminal Procedure provides ample authority on the subject. We granted review to determine whether the court of appeals erred in holding that the trial court erred in dismissing a juror and proceeding with the remaining eleven. The answer is simply no. The Code of Criminal Procedure requires that "not less

---

5. Along with Judge Overstreet, I dissented in *Hernandez* because the record did not support the Court's finding of manifest necessity, not because I disagreed with the Court's holding that

in a felony case a verdict must be rendered by twelve jurors unless one or more of them becomes disabled or dies, as required by art. 36.29(a).

than twelve jurors can render and return a verdict in a felony case," unless one juror dies or becomes disabled. Article 36.29 V.A.C.C.P.[1] In this case a juror was excused after the trial began because it was revealed that she was not a United States citizen. Since the basis of her dismissal (lack of citizenship) did not fall under the categories of death or disability, it was not permissible for the remaining jurors to render a verdict in this case. Instead the trial court should have declared a mistrial and dismissed the jury.

The majority appears persuaded by the State's argument that § 62.201[2] applies to this case and that the agreement of the parties to proceed with eleven jurors constituted a waiver of a jury trial by twelve. I do not believe it was the Legislature's intent that § 62.201 apply to criminal cases. First, the language of § 62.201 dates back as far as 1879 where it appeared as Article 3100[3] in Chapter Eleven of The Revised Statutes of Texas under the title of "Juries in *Civil* Cases." [emphasis added] In comparing § 62.201 to Article 3100 it is apparent that § 62.201 is the amended version of Article 3100 which has been moved to the Government Code. Furthermore, all the cases which have cited § 62.201 have been civil cases. Therefore, I am not swayed by the State's argument that § 62.201 applies to criminal cases when it appears in a code other than the Code of Criminal Procedure and has been cited as authority only in civil cases.

I am equally unconvinced that this is a waiver of jury trial as contended by the State and adopted by the Court. Upon a defendant being charged and indicted with a felony, a defendant may elect to have a judge or jury determine issues of fact and thereby decide guilt or innocence. If he does not want to try his case before a jury, he may waive the jury as set out in Article 1.13, which states:

The defendant in a criminal prosecution ... shall have the right, upon entering a plea, to waive the right of trial by jury, *conditioned,* however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. [emphasis added]

It is clear that a defendant may waive a jury trial; however, such a waiver refers to a waiver of the *entire* jury and must be predicated on certain conditions. The majority attributes another meaning to "waiver of jury trial" by holding that one can waive a jury trial by consenting to fewer than twelve jurors. *Hatch v. State,* 958 S.W.2d 813, 814–815, (Tex.Crim.App.1997). This interpretation is distorted because "[t]he classic definition of waiver [ ]followed by this Court [is] 'an intentional relinquishment or abandonment of a known right or privilege, *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).' " *Capistran v. State,* 759 S.W.2d 121, 122 (Tex.Crim.App.1982) (op. on r'hrg.) (citing *Robles v. State,* 577 S.W.2d 699 (Tex.Cr.App.1979)). In viewing this definition in conjunction with 1.13, it seems unreasonable to assert that appellant "waived" his right to a jury trial because a jury of eleven still rendered a verdict in this case. If appellant had abandoned or relinquished the right to a jury trial, the verdict would have been rendered by the court and not a jury composed of any number.

I also dissent to the majority's disposition of this case by overruling *Ex parte Hernan-*

---

**1.** Any further reference to articles will be the articles of the Code of Criminal Procedure unless otherwise indicated.

**2.** V.T.C.A. Gov't Code, § 62.201 provides: "The jury in a district court is composed of 12 persons, except that the parties may agree to try a particular case with fewer than 12 jurors."

Any further reference to sections will be the sections of the Government Code unless otherwise indicated.

**3.** Article 3100 provided that "the jury in the district courts shall be composed of twelve men; but the parties may by consent agree, in a particular case, to try with a less number."

*dez,* 906 S.W.2d 931 (Tex.Crim.App.1995). It is true that I dissented in *Hernandez,* but I dissented because the record did not support the Court's finding of manifest necessity. I did not disagree with the holding that a verdict must be rendered by twelve jurors unless one or more of them becomes disabled or dies as required by Article 36.29.

Upon finding no reasonable justification for applying and relying on § 62.201 or overturning *Hernandez,* and finding no waiver of a jury trial, I refuse to engage in a creative review of the issue in favor of the State and respectfully dissent to the majority's disposition of the case.

MEYERS and MANSFIELD, JJ., join.