Opinion issued March 20, 2003






 












In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00646-CR
____________
 
KEVIN WAYNE HOLLOWAY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 890588
 

 
 
O P I N I O N
          After a jury found appellant, Kevin Wayne Holloway, guilty of aggravated
robbery, appellant pleaded true to two enhancement paragraphs alleging that he had
two prior felony convictions, and the trial court assessed his punishment at
confinement for 35 years. In his sole point of error, appellant contends that the trial
court erred when, after impaneling the jury, it excused a juror because the trial court
did not determine that the juror was disabled and the parties did not request that the
juror be removed. We affirm.
Facts and Procedural Background
          After the jury was impaneled and sworn-in, but before opening statements and
the testimony of any witnesses, the trial court questioned a juror about the status of
his community supervision for theft as follows:
          The Court:   Let’s see. I believe it’s shown that you had a felony deferred
adjudication. Is that correct?
 
          Juror:           No, sir. It’s a misdemeanor.
 
          The Court:   Did you have a felony and then a felony reduced to a
misdemeanor?
 
          Juror:           Yes.
 
          The Court:   Then it was a regular probation on that. Is that the status?
 
          Juror:           Yes. It was–they took me off the deferred–I mean–
 
          The Court:   Are you still currently on probation?
 
          Juror:           Probation ended last month on the 15th.
          The Court:   That’s your reporting date?
          Juror:           That was my last–I was on it for two years. That was my last day.
          The Court:   Are you currently still on probation? Have you received– 
          Juror:           I haven’t received–
          The Court:   –documents? There’s no official court entry or –
          Juror:           No.
          The Court:   I’m not trying to put words in your mouth.
          Juror:           No, I haven’t.
          The Court:   Let me see. You expect that to happen, that is, to be released, but
you are not currently released by a court. That is, you don’t have
the dismissal documents, the discharge documents?
 
          Juror:           No.
          The Court:   Has your probation officer indicated those are forthcoming? Are
you waiting on them?
 
          Juror:           She sent my file to the courts, and I’m waiting.
          The Court:   You are waiting [sic] some action?
          Juror:           Yes.
          The Court:   But as far as you know, that action has not been taken?
          Juror:           As far as I know it hasn’t.
          The Court:   Mr. [Juror], in an abundance of caution, I’m think [sic] I’m going
to have to excuse you. Okay. I do not want to do that. That is
not how I would handle things. That’s no reflection on you or the
parties. The law is that if you have a pending theft case of any
nature that would disqualify you as a matter of law. Rather than
have you sit here and go through this trial, and what have you,
and then have an appellate court tell us that you are not qualified
means we are taking a chance. All right.
 
          Juror:           Okay.
          After excusing the juror, the trial court asked appellant’s trial counsel, “So, if
it is your wish, I will bring the jury in and we’ll start the testimony with eleven.” 
Appellant’s counsel replied, “Yes. Can I step out for two minutes before we start?” 
Thereafter, the trial on the merits commenced, and the remaining 11 jurors found
appellant guilty. Each of the 11 jurors signed the verdict page. 
Waiver
          Appellant contends that the trial court erred in dismissing the juror because
there was no proof that the juror was disabled or disqualified, and the trial court
exceeded its authority in excusing the juror without a proper objection from appellant
or the State.
          The Texas Constitution requires that a jury in a felony trial be composed of
twelve members. Tex. Const. art. V, § 13. However, the right to a twelve-member
jury is not absolute. The Texas Constitution further provides as follows:
When, pending the trial of any case, one or more jurors not exceeding
three, may die, or be disabled from sitting, the remainder of the jury
shall have the power to render the verdict; provided, that the Legislature
may change or modify the rule authorizing less than the whole number
of the jury to render a verdict.

Id. 
          Pursuant to this authority, the Legislature enacted Article 36.29 of the Code of
Criminal Procedure, which states the general rule that “[n]ot less than twelve jurors
can render and return a verdict in a felony case.” Tex. Code Crim. Proc. Ann. art.
36.29 (Vernon Supp. 2003). It then sets forth an exception: 
[H]owever, after the trial of any felony case begins and a juror dies or,
as determined by the judge, becomes disabled from sitting at any time
before the charge of the court is read to the jury, the remainder of the
jury shall have the power to render the verdict; but when the verdict
shall be rendered by less than the whole number; it shall be signed by
every member of the jury concurring in it.

Id. 
          Moreover, the Texas Government Code provides that “[t]he jury in a district
court is composed of 12 persons, except that the parties may agree to try a case with
fewer than 12 jurors.” Tex. Gov’t Code Ann. § 62.201 (Vernon 1998). Therefore,
Texas law provides two instances in which a trial court can proceed with fewer than
12 jurors: (1) when the parties consent under section 62.201, or (2) when a juror dies
or becomes disabled under article 36.29(a). See Hatch v. State, 958 S.W.2d 813, 816
n.4 (Tex. Crim. App. 1997) (noting article 36.29(a) and section 62.201 are to be
construed to “stand side by side” with one another). Under either exception, a
defendant who agrees to be tried by less than 12 jurors is still exercising his right to
trial by jury. Id. at 816.
          Here, it is of no consequence whether the trial court dismissed the juror as
disabled or for a different reason. The record reveals that appellant consented to a
trial with less than 12 jurors, and thus affirmatively waived any error that the trial
court may have committed. See Tex. Gov’t Code Ann. § 62.201. As a result, no
error is preserved for appeal and there is nothing for this court to review. Tex. R.
App. P. 33.1.
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).