02-11-142-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00142-CR

 

 


 
 
 Michael Lopez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 4 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          A
jury convicted Appellant Michael Lopez on two counts of felony assault against
a family or household member, and the trial court sentenced him to five years’
confinement on each count.  In two issues, Lopez argues that the trial court
erred by not declaring a mistrial after dismissing a juror and that the
evidence is legally insufficient to support his conviction on both counts.  We
will affirm.

          Lopez
and Erica Perez have two young children together.  On February 13, 2010, Erica’s
friend, Yama Martinez, drove Erica and the two children to Lopez’s residence so
that Erica could leave the children with Lopez.  Shortly after Erica went
inside to collect her mail, she and Lopez began arguing.[2] 
When Erica tried to leave, Lopez pulled her by her hair and arm and choked her
on the floor.  When Erica ran outside, Lopez pulled her to the ground.  Erica
eventually managed to enter Yama’s vehicle, leave the scene, and call the
police.

          In
his first issue, Lopez argues that the trial court erred by not declaring a
mistrial after excusing a juror from service at the outset of trial.  Lopez
concedes that his trial counsel agreed to proceed with eleven jurors and that
the court of criminal appeals has already addressed this precise issue, but he
asks us to “revisit the issue and declare” that continuing a trial with less
than twelve jurors is “fundamental error.”

          The
court of criminal appeals has held that a defendant may waive article
36.29(a)’s requirement that not less than twelve jurors can return a verdict in
a noncapital felony case.  See Hatch v. State, 958 S.W.2d 813, 816 (Tex.
Crim. App. 1997).  The record demonstrates that after the trial court excused
the juror, both Lopez’s trial counsel and the State agreed to proceed with
eleven jurors.  As an intermediate appellate court, we are bound to follow the
pronouncement of the court of criminal appeals in Hatch.  See Wiley
v. State, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref’d). 
Thus, the trial court did not err by not sua sponte granting a mistrial nor by proceeding
with eleven jurors.

          Further,
and notwithstanding the parties’ consent to proceed with eleven jurors, to the
extent that the trial court dismissed the juror because he became disabled,
article 36.29 required the trial to proceed with eleven jurors.[3] 
See Hill v. State, 90 S.W.3d 308, 314–15 (Tex. Crim. App. 2002)
(reasoning that Texas law provides not one, but two instances in which a trial
can proceed with eleven jurors:  (1) when the parties consent
under government code section 62.201 and (2) regardless of the parties’
consent, when a juror dies or becomes disabled under code of criminal procedure
article 36.29(a)).  We overrule Lopez’s first issue.

          In
his second issue, Lopez challenges the sufficiency of the evidence to sustain
his conviction on both counts of felony assault.  Regarding count one, Lopez
contends that the evidence was conflicting as to whether he caused Erica bodily
injury by “impeding the normal breathing or circulation of the blood of Erica
Perez by applying pressure to [her] throat or neck or by blocking [her] nose or
mouth by choking her with his hand.”  Likewise, regarding count two, Lopez
contends that the evidence was conflicting as to whether he caused Erica bodily
injury by “grabbing her arm with his hand, or by grabbing her around her neck
with his hand, or by pulling her to the ground, or by pulling her hair with his
hand.”

          In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v. State,
330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

          Here,
Erica testified that when she was inside Lopez’s residence, he grabbed and
pulled her hair and choked her and that she was not able to breathe when she
was choked.  Outside, when she contacted the ground, Erica testified that Lopez
“must have been pulling [her]” down to the ground, and although Yama gave
conflicting testimony, she did testify that she saw Lopez grab Erica when she
was trying to get into the vehicle and that Erica was wet from hitting the
ground.  The jury was entitled to weigh and resolve conflicts in the evidence
and draw reasonable inferences therefrom.  See Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).  Accordingly, we hold that the evidence
is sufficient to support Lopez’s conviction on both counts of felony assault
against a family or household member, and we overrule his second issue.

          Having
overruled both of Lopez’s issues, we affirm the trial court’s judgments.

 

 

BILL MEIER
JUSTICE

 

PANEL:  GARDNER, WALKER, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED: 
April 19, 2012









[1]See Tex. R. App. P. 47.4.





[2]Lopez thought that Erica
was “talking to somebody else.”





[3]Initially, the trial court
did not indicate that it dismissed the juror as disabled.  But later during
trial, the State asked the trial court to make a finding as to whether the
dismissed juror was either mentally or emotionally disabled, and the trial
court responded, “It’s obvious he was -- mentally could not serve
because of the emotional aspect of it.”