ACCEPTED
13-14-00611-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/4/2015 4:38:22 PM
CECILE FOY GSANGER
CLERK

## CAUSE NO. 13-14-00611-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/4/2015 4:38:22 PM
CECILE FOY GSANGER
Clerk

# IN THE COURT OF APPEALS

# THIRTEENTH JUDICIAL DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG, TEXAS

## THE STATE OF TEXAS,
### Appellant

## v.

## SERGIO BOCANEGRA,
### Appellee.

### On appeal from the Cameron County Court at Law Number One
### Trial Court Cause Number 12-CCR-3028-A

## STATE'S APPELLATE BRIEF

**ORAL ARGUMENT REQUESTED**

**Luis V. Saenz**
**Cameron County District Attorney**
**Omar A. Saenz**
**Assistant District Attorney**
964 East Harrison Street, Fourth Floor
Brownsville, Texas    78520
Phone: (956) 544-0849
Fax:(956) 544-0869

**Attorneys for the State of Texas**

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument pursuant to Tex. R. App. P. 39.1, stating that the facts and legal arguments as to the issues presented herein would be significantly emphasized and clarified by oral argument.

## IDENTIFICATION OF THE PARTIES

**Counsel for the State of Texas- Appellant:**

Cameron County District Attorney

Luis V. Saenz
964 E. Harrison St.
Brownsville, Texas 78520

Assistant District Attorney

Omar A. Saenz

**Counsel for Sergio Bocanegra- Appellee:**

Trial Court Attorneys:

Fred Kowalski
902 E. Madison St.
Brownsville, Texas 78520

Carlos Cisneros
1002 Taylor St.
Brownsville, Texas 78520

**Trial Court Judge, County Court at Law Number One, Cameron County, Texas**

Hon. Arturo McDonald

# TABLE OF CONTENTS

Table of Contents ..................................................................................................i

Index of Authorities ............................................................................................ ii

Salutation............................................................................................................1

Statement of the Case..........................................................................................1

Issue Presented....................................................................................................2

Statement of Facts...............................................................................................2

Summary of the Argument...................................................................................3

Argument and Authorities....................................................................................3

      State's First Sub-issue on Appeal ..................................................................3

      State's Second Sub-issue on Appeal……….....................................................6

      State's Third Sub-issue on Appeal……….……..............................................8

Conclusion …………………………………………………………...….9

Prayer .................................................................................................................9

Certificate of Compliance ..................................................................................10

Certificate of Service ........................................................................................11

# INDEX OF AUTHORITIES

**Case law**                                                              **Page**

*Arizona v. Washington*
    434 U.S. 497 (1978)................................................................................8

*Brown v. State*
    907 S.W.2d 835 (Tex. Crim. App. 1995) ...........................................6

*Ex Parte Garza*
    337 S.W.3d 903 (2011)....................................................................4,5

*Ex Parte Rodriguez*
    366 S.W.3d 291 (Tex. App. – Amarillo 2012)...............................6,7,8

*Hatch v. State*
    958 S.W.2d 813 (Tex. Crim. App. 1997) .............................................4

*Hill v. State*
    90 S.W.3d 308 (Tex. Crim. App. 2002) ...............................................6

*United States v. Fisher*
    624 F.3d 713 (5th. Cir. 2010) ..............................................................6


**Constitution and Statutes**

U.S. Const. amends. V ...................................................................................8

Tex. Gov. Code Ann. §62.201 (1985) ......................................................3,4,7

Tex. Gov. Code Ann. §62.301 (1985) .........................................................4,5

Tex. R. Crim. P. 36.29 .................................................................................3,4

_____

**IN THE COURT OF APPEALS**

**THIRTEENTH JUDICIAL DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG, TEXAS**

_____

**THE STATE OF TEXAS, Appellant**

**v.**

**SERGIO BOCANEGRA, Appellee**

_____

**STATE'S APPELLATE BRIEF**

_____

**TO THE HONORABLE COURT OR APPEALS:**

**COMES NOW**, Appellant, the **STATE OF TEXAS**, by and through the Cameron County District Attorney, the Honorable Luis V. Saenz, and, pursuant to Rule 38.1 of the Texas Rules of Appellate Procedure, files this, its Appellate Brief in the above-styled and -numbered cause of action, and in support thereof, would show this Honorable Court as follows:

## STATEMENT OF THE CASE

This is a criminal prosecution by the State of Texas against defendant Sergio Bocanegra for the misdemeanor offense of Driving While Intoxicated. The trial court dismissed this prosecution herein when it granted Defendant's Motion to

Dismiss Based on Double Jeopardy.

## ISSUE PRESENTED

The trial court erred in granting the Defendant's Motion to Dismiss Based on Double Jeopardy, and in dismissing the criminal prosecution of Defendant Bocanegra herein. In determination of the trial court's error, appellant argues three sub-issues.

## STATEMENT OF FACTS

Defendant Sergio Bocanegra was charged, by way of misdemeanor complaint and information, with the offense of Driving While Intoxicated (a class "B" misdemeanor), on May 18, 2012. On August 5, 2013, the state and the defense selected a six panel jury and proceeded to trial. (R.R. 2-1). After the jury was sworn, a background check revealed that one of the jurors was dishonest on the jury questionnaire. (R.R. 3-3). The juror in question did not disclose a prior Driving While Intoxicated conviction when questioned by the state during voir dire. (R.R. 3-3). On August 6, 2013, the state raised the issue of juror misconduct to the court and the defense did not object to dismissal of the juror in question. (R.R. 3-8). Prior to declaring a mistrial, the trial court considered the less drastic alternative of proceeding with the five remaining jurors. (R.R. 3-7). The State did not wish to proceed with a five panel jury and asked the trial court for a mistrial based on a finding of manifest necessity. (R.R. 3-10,11). The

Defense was willing to proceed with five jurors and objected to the mistrial. (R.R. 3-6). The trial court made a finding of manifest necessity, mistrial was declared, and the case was reset for trial. (R.R. 3-11). On August 20, 2014, the defense filed its Motion to Dismiss Based on Double Jeopardy. On October 3, 2015, oral argument on the motion was heard in the trial court and, over the state's objection, the defendant's Motion to Dismiss Based on Double Jeopardy was granted. (R.R. 4-5). The Order granting defendant's Motion to Dismiss Based on Double Jeopardy was signed by the trial court on October 15, 2014. (C.R. 4). This appeal ensues.

## SUMMARY OF ARGUMENT

The State raises three sub-issues on appeal. First, Tex. Gov. Code Ann. §62.201 (1985), Tex. Gov. Code Ann. §62.301, and Tex. R. Crim. P. 36.29 together require an agreement of both the prosecution and the defense before proceeding with less than six jurors in a misdemeanor trial. Second, manifest necessity existed for a mistrial in this case. Finally, the trial court erred in granting appellee's motion for dismissal based on a finding of double jeopardy.

## ARGUMENT & AUTHORITIES

*First Issue: Is agreement by both the Defense and prosecution required to consent to a five member jury panel in a misdemeanor jury trial?*

**Yes**. The Defendant has a constitutional and statutory right to a jury of six persons in a county court case. Texas Gov. Code Ann. §62.201 (1985) provides that the *parties* may agree to try a particular case with fewer than 12 jurors in a district court case. *Emphasis added.* Tex. Gov. Code Ann. §62.301 (1985), simply states that a jury in county court cases "is composed of six persons." Although Tex. Gov. Code Ann. §62.301 (1985) does not expressly provide for an exception to the six person jury requirement in county court cases, settled Texas case law supports the permissibility of a five person jury panel with the defendant's consent based on an inclusive reading of §62.301.

In *Hatch v. State,* 958 S.W.2d 813 (Tex. Crim. App. 1997) the Court addressed whether a Defendant could waive the requirement to a twelve panel jury in a district court case. In *Hatch,* the State and the Defense agreed to proceed in a felony delivery of cocaine trial after discovering that an empaneled juror was not a United States citizen. *Id.* The appellant was found guilty and appealed the conviction on the sole issue that the eleven panel jury could not render verdict based on the requirements of Tex. R. Crim. P. 36.29(a), requiring a twelve member jury in a district court case. The *Hatch* Court held appellant waived the right to a twelve member jury based on Tex. Gov. Code Ann. §62.201 (1985) of the Texas Government Code which provides:

*The jury in a district court is composed of 12 persons, except that the parties may agree to try a particular case with fewer than 12 jurors.*

In *Ex Parte Garza,* 337 S.W.3d 903, 905 (Tex. Crim. App. 2011) the Defendant was on trial for Driving While Intoxicated and a six member jury was selected. One of the jurors experienced a medical episode after the jury was sworn but before the presentation of evidence. *Id.* at 905. The juror was excused from the jury and the trial court declared a mistrial based on a finding of manifest necessity over the objection of both the defendant and the state. *Id.* at 907. In affirming the court of appeals, the Texas Criminal Court of Appeals found that the trial court abused its discretion by not first exploring the less drastic alternative of continuing the trial with five jurors. *Id.* at 918.

Significantly, the Court in *Ex Parte Garza* ruled that a Defendant may waive the constitutional and statutory requirement of a six member jury panel in a misdemeanor case, *if the trial court and the State are willing to consent to do so. Emphasis added. Id.* at 915. The Court held that although Texas Government Code does not expressly allow for a waiver to a full six panel jury in Tex. Gov. Code Ann. §62.301 (1985), judicial precedence consistently regards the lack of statutory language prohibiting a waiver as implicitly permitting a waiver. *Id.* at 913. Furthermore, the Court held that the state holds the burden to show that the trial court made a determination as to whether the state was willing to consent to

the Defendant's waiver of a six panel jury. *Id.* at 918.

***Second Issue: Was there manifest necessity for the trial court to declare a mistrial?***

**Yes**.   Manifest necessity for a mistrial in a criminal trial exists in three circumstances: (i) the circumstances render it impossible to arrive at a fair verdict, (ii) it is impossible to continue with the trial, or (iii) a verdict would be automatically reversed on appeal because of trial error.  *Brown v. State,* 907 S.W.2d 835 (Tex. Crim. App. 1995).   The trial court must consider and rule out less drastic alternatives to a mistrial before finding manifest necessity.   *Id.* at 840.

A trial court abuses its discretion when it fails to inquire into whether there existed less drastic alternatives to declaring a mistrial.   *Hill v. State,* 90 S.W.3d 308 (2002).   The State maintains the burden of proving manifest necessity for a mistrial after a preliminary showing by the defendant that he was tried for the same offense after a mistrial.   *Id.* at 313.

The standard of review for a trial court's determination of manifest necessity necessitating a mistrial is a dynamic abuse of discretion standard.   *United States v. Fisher,* 623 F.3d 713, 718 (5th Cir. 2010).   The circumstances of the mistrial determine the degree of scrutiny.   *Id.*   Circumstances outside of the control of the state or the court, jury-bias cases and deadlocked juries, are afforded the broadest deference; while cases involving the unavailability of prosecution

evidence or delay based on the unavailability of government witnesses are evaluated under a strict scrutiny standard. *Id.*

A trial court's decision to declare a mistrial is given broad discretion on appellate review due to the trial court's unique position to evaluate less drastic alternative to a mistrial. *Ex Parte Rodriguez,* 366 S.W.3d 291, 296 (Tex. Crim. App. 2012). Manifest necessity must be apparent on the record, however the trial court's reasoning for declaring a mistrial may be absent. *Id.* at 297. In *Rodriguez,* the state failed to disclose the existence of expert photographs to the defense. *Id.* at 294. Despite the Court of Criminal Appeals applying a strict scrutiny standard, the trial court's declaration of a mistrial based on a finding of manifest necessity was upheld based on the trial court's evaluation of less drastic alternatives. *Id.* at 299.

Here, the circumstances surrounding the manifest necessity were not based on the fault of either party or the trial court. Juror misconduct in this case based on the failure of a juror to disclose a prior Driving While Intoxicated conviction necessitated removal of said juror based on juror bias. (R.R. 3-3). Subsequently, the trial court explored the less drastic alternative of continuing the trial with a five panel jury. (R.R. 3-9,10). Continuation of the trial with five jurors was not a viable alternative because the state did not agree to the reduced jury as required by Tex. Gov. Code §62.201. Therefore, the trial court's

declaration of a mistrial based on a finding of manifest necessity was reasonable and should be upheld by this court.

***Third Issue: Did the trial court abuse its discretion by granting Defendant's Motion to Dismiss based on a finding of double jeopardy?***

**Yes**.   The prohibition against retrial of any person for the same offense is a constitutional guarantee.   U.S. Const. amend. V.   However, the Supreme Court held that the fifth constitutional amendment allows reprosecution when there exists a manifest necessity for the mistrial.   *Arizona v. Washington,* 434 U.S. 497 (1978).    Here, the trial court granted Defendant's motion for habeas corpus relief based on double jeopardy, despite the same trial court granting a mistrial based on a finding of manifest necessity.   (R.R. 4-5)

The standard of review for a trial court's decision to grant or deny habeas corpus relief is an abuse of discretion standard.   *Ex Parte Rodriguez,* 366 S.W. 3d at 295.   An abuse of discretion will be found when the decision of the trial court is outside the "zone of reasonable disagreement."   *Id.* at 296-97.

The trial court in this case abused its discretion by granting appellee's motion dismissing the prosecution against the Defendant.   At the time of trial on August 6, 2013, the trial court was in the best position to determine less drastic alternatives to declaring a mistrial based on the circumstances before the court. The trial court made the reasonable determination that manifest necessity existed

for a mistrial at that time.   On October 3, 2014, the same trial court, despite the apparent manifest necessity on the record, dismissed the prosecution because the trial court did not find a manifest necessity for its own decision for a mistrial. Therefore, the trial court's decision to grant appellee's double jeopardy motion fell well outside the "zone of reasonable disagreement" as evaluated by the *Rodriguez* court.

## CONCLUSION

The trial court's decision in granting a mistrial based on a finding of manifest necessity was sound in this case.   The court, on the record, discussed the possible alternative of avoiding a mistrial by continuing the trial with five jurors. Consistent with Texas case law and legislative intent, the trial court could not continue the trial with five jurors without the consent of both parties.   Here, the State did not agree to a reduced jury panel.   Therefore, the trial court clearly abused its discretion in granting appellee's Motion for Dismissal Based on Double Jeopardy.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the State of Texas prays that this Court will sustain appellant's sole issue on appeal, and reverse the trial court's judgment of dismissal herein and remand this case for trial.

Respectfully Submitted,

**LUIS V. SAENZ**
**Cameron County District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas   78520
Phone: (956) 544-0849
Fax:(956) 544-0869

By:      */s/ Omar Antonio Saenz*
**Omar A. Saenz**
Assistant District Attorney
State Bar No. 08131380
omar.saenz@co.cameron.tx.us
**Attorneys for the State of Texas**

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 2,139 words (excluding the cover, table of contents and table of authorities).   The body text is in 14 point font, and the footnote text is in 12 point font.

 */s/ Omar Antonio Saenz*
Omar A. Saenz

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing State's appellate Brief was served upon Fred Kowalski, Attorney at Law, via email at kowalskilaw@yahoo.com, on the 4th Day of June, 2015.

    /s/ Omar Antonio Saenz
    Omar A. Saenz