JOHN CLARK V. STATE

No. 27,497. March 30, 1955

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for cutting merchantable timber upon the land of another without the consent of the owner, with punishment assessed at three years in the penitentiary.

The record affirmatively reflects that, during the trial of the case and during the introduction of testimony, it was made known to the trial court that the wife of one of the jurors in the case was seriously ill. The trial court communicated to and discussed such facts with both counsel for the state and for

the appellant and, as a result, all parties, including the appellant in person, agreed to excuse the juror in order that he might be with his sick wife. It was also agreed that the trial might proceed to final determination before the remaining eleven jurors.

The Constitution provides that a jury in the district court shall be composed of twelve jurors (Art. 5, Sec. 13) and that the right of trial by jury shall remain inviolate (Art. 1, Sec. 15).

Art. 11, Vernon's C.C.P., provides that the right of trial by jury cannot be waived in a felony case when there is a plea of not guilty.

Art. 687, Vernon's C.C.P., provides that "Not less than twelve jurors can render and return a verdict in a felony case." An essential element, then, of the right of trial by jury, in a felony case, is that the jury must be composed of twelve jurors. Randel v. State, 153 Texas Cr. R. 282, 219 S.W. 2d 689.

In an unbroken line of cases this court has consistently held that the defendant cannot waive the right of trial by jury in a felony case when he pleads not guilty. Dunn v. State, 88 Texas Cr. R. 21, 224 S.W. 893, and authorities there listed: Jones v. State, 52 Texas Cr. R. 303, 106 S.W. 345; Stell v. State, 14 Texas App. 59; Lott v. State, 18 Texas App. 627; Jester v. State, 26 Texas App. 369, 9 S.W. 616; McCampbell v. State, 37 Texas Cr. R. 607, 40 S.W. 496; Ex parte Reynolds, 35 Texas Cr. R. 437, 34 S.W. 120; Ex parte Ogle, 61 S.W. 122.

A judgment in a felony case where there is a plea of not guilty, based upon a verdict of only eleven jurors, is absolutely void. Dunn v. State, 92 Texas Cr. R. 126, 242 S.W. 1049.

There is no escape from the conclusion that the judgment in this case is void, because the trial was by a jury composed of only eleven jurors who returned the verdict therein.

If appellant could not waive the constitutional right to be tried by a jury of twelve jurors, then any agreement that he may have made consenting thereto would be ineffective.

The judgment in this case being void, we must, in order to protect our judgments and decrees, withhold approval thereof.

The judgment is reversed and the cause is remanded.