**Robert Eugene ROBERTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 14–94–00572–CR, 14–94–00573–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 10, 1996.

Roland B. Moore, III, Houston, for appellant.

Sandra J. Pomerantz, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

**OPINION**

LEE, Justice.

Appellant entered a plea of not guilty before a jury to two counts of aggravated robbery. TEX. PENAL CODE ANN. § 29.03 (Vernon Supp.1994).[1] He was convicted of both counts. Appellant then entered pleas of "true" to the enhancement allegations, and the trial court assessed punishment at imprisonment for life on both counts. Appellant brings six points of error complaining of the trial court allowing the trial to proceed with a jury of eleven after the court had discharged one juror and alleging the evi-

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.18(b), 1993 Tex. Gen. Laws 3586, 3705. Therefore, all references to the penal code are to the code as in effect at the time the crime was committed.

dence was insufficient to support the verdict. We reverse and remand for a new trial.

## BACKGROUND

The record in this case shows that after voir dire, a jury was empaneled and sworn. The court admonished the jury not to discuss the facts of the case with any person, and the jurors were sent to lunch.

After lunch, a hearing was conducted outside the presence of the jury regarding contact between a juror and one of the State's potential witnesses. The record reflects that Juror Steinbach went to lunch at the same restaurant where Officer Richard Hessendhal was eating. Officer Hessendhal testified the juror asked if he could join the officer for lunch. Juror Steinbach asked Hessendhal whether he enjoyed working as a police officer, and the two discussed other social matters for approximately ten minutes. Officer Hessendhal testified he and Steinbach never discussed appellant's case.

The court then questioned Juror Steinbach, and he confirmed he spoke briefly with Officer Hessendhal during lunch. Steinbach testified that when he sat down, he was unaware the officer was involved in the case. Steinbach stated that he and Officer Hessendhal did not discuss appellant's case, and that if Hessendhal were called as a witness, he would treat his testimony "fair and equal." He also indicated his social conversation with Officer Hessendhal would not affect the credibility he afforded other police officers or his ability to follow the law. Subsequently, the State informed the trial court and defense counsel that Officer Hessendhal would not be called as a witness during the trial.

After the hearing, appellant's counsel moved for a mistrial. In light of the State's decision not to call Officer Hessendhal as a witness and Juror Steinbach's representations, the court denied this motion. Appellant then requested the court disqualify Juror Steinbach. The court granted this motion, and the case proceeded to trial with eleven jurors.

## ANALYSIS

In his first three points of error, appellant argues the trial court erred in proceeding to trial before a jury of eleven persons. A felony verdict may not be returned by less than twelve jurors unless one of the jurors dies or becomes disabled from sitting at any time before the court's charge is read to the jury. TEX.CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon 1981). "Disabled" as used in this statute encompasses only those cases where a juror becomes physically, mentally or emotionally impaired and can no longer fully and fairly perform the functions of a juror. *Carrillo v. State*, 597 S.W.2d 769, 771 (Tex.Crim.App.1980). A juror's bias or prejudice in favor of or against a party is not a disability within the meaning of the statute. *Id.*

In this case, a juror communicated with a potential witness for the State. After his motion for a mistrial was denied, appellant asked the court to dismiss the juror and proceed to trial with eleven jurors. The Texas Constitution provides, "Grand and petit juries in the District Court shall be composed of twelve men; ..." Tex. Const. Art. V, § 13. This constitutional right is nonwaivable even with the consent of the defendant. *Jones v. State*, 52 Tex.Crim. 303, 106 S.W. 345, 347 (1907); *Clark v. State*, 161 Tex.Crim. 278, 276 S.W.2d 819, 820 (1955). Thus, it was error for the trial court to dismiss Juror Steinbach and proceed to trial with eleven jurors.

We recognize many cases which suggest a defendant's consent cures any error which stems from proceeding with only eleven jurors. *See Bass v. State*, 622 S.W.2d 101, 106–07 (Tex.Crim.App.1981); *Carrillo*, 597 S.W.2d at 771; *Clark v. State*, 500 S.W.2d 107, 109 (Tex.Crim.App.1973); *see also Stevens v. State*, 820 S.W.2d 930, 933 (Tex. App.—Fort Worth 1991, pet. ref'd) (where defendant was found to have waived his right to a trial by twelve jurors when he failed to object). The Court of Criminal Appeals has recently addressed this issue and held otherwise. *Ex Parte Hernandez*, 906 S.W.2d 931 (Tex.Crim.App.1995).

In *Hernandez*, defendant was indicted for aggravated robbery. A jury of twelve was

empaneled and sworn, and the State presented its evidence and rested. *Id.* at 931. After the defense began its case-in-chief, a juror requested to speak to the trial judge outside the presence of the other jurors. The juror informed the court that he knew the defendant's father and asked to be disqualified. The trial court questioned the juror and found the juror to be biased. Accordingly, the court disqualified the juror. *Id.* at 932.

The defense advised the trial judge that it wished to proceed with eleven jurors. The State objected and moved for a mistrial. The trial court ruled that the proceedings could not continue with only eleven jurors and declared a mistrial based on manifest necessity. *Id.*

Before he could be retried, appellant filed an application for habeas corpus seeking to bar further prosecutions. Appellant claimed the trial court erred by refusing to proceed with eleven jurors. Appellant also argued that a retrial would violate the constitutional prohibition against double jeopardy. *Id.* The habeas judge denied relief, and both the El Paso Court of Appeals and the Court of Criminal Appeals affirmed.

On motion for rehearing, the Court of Criminal Appeals reversed its earlier decision and held the right to be tried by a jury of twelve was non-waivable even with the consent of the State and the defendant. *Hernandez*, 906 S.W.2d at 932. In his concurring opinion, Justice Meyers added:

> Our law absolutely and unambiguously requires that no less than twelve jurors subscribe to all felony verdicts unless, before the case is submitted for jury consideration, one of them dies or becomes disabled. This is plainly not a right of the defendant which he can waive or forfeit at his option. I would, therefore, disapprove the language of *Carrillo* to the extent it suggests that a criminal defendant has an option under article 36.29 to proceed to verdict with eleven jurors when the twelfth is not dead or disabled. Although our lead opinion in this case amounts to such a disapproval by necessary implication, it would have been better for the trial bench

and bar alike had the Court expressed its holding more candidly.

*Id.* at 934 (citations omitted).

 The State contends that because appellant requested Juror Steinbach's dismissal, appellant should not be allowed to complain on appeal. The doctrine of invited error states that an accused cannot invite error and then complain thereof. *Capistran v. State*, 759 S.W.2d 121, 123 (Tex.Crim.App. 1982); *Cadd v. State*, 587 S.W.2d 736, 741 (Tex.Crim.App.1979); *Ex parte Guerrero*, 521 S.W.2d 613, 617 (Tex.Crim.App.1975). Although courts have liberally applied this doctrine, we decline to invoke it here. We find *Hernandez* to be the controlling rule of law. In a felony case, the right to be tried by a jury of twelve members is non-waivable even with the defendant's consent. *Hernandez*, 906 S.W.2d at 932. If appellant could not waive this right, any agreement which allowed the trial to proceed with eleven jurors was ineffective. Because we have found reversible error, we need not address appellant's remaining points of error.

The judgment of the trial court is reversed and remanded for further proceedings.