**Robert Eugene ROBERTS, Appellant,**

v.

**The STATE of Texas.**

**Nos. 1602–96, 1603–96.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 10, 1997.

Roland Brice Moore, III, Houston, for appellant.

Carol M. Cameron, Asst., Dist. Atty., Houston, Matthew Paul, State's Atty., for State.

*OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

A jury convicted appellant of two counts of aggravated robbery. After appellant entered pleas of "true" to the enhancement allegations, the trial court sentenced appellant to confinement for life on both counts. The record reflects that after appellant's trial began, the trial court granted appellant's request to proceed with eleven jurors after it was learned that one of the jurors had communicated with a potential witness for the State. The eleven-member jury returned unanimous verdicts of guilt on both counts.

On direct appeal, appellant claimed, among other things, that the jury had no power to render a verdict because it was composed of less than twelve jurors. The State claimed appellant waived the right to a jury composed of twelve jurors.

Relying on this Court's recent decision in *Ex parte Hernandez*, 906 S.W.2d 931 (Tex. Cr.App.1995), the Court of Appeals held appellant could not waive the requirement of Article 36.29(a), V.A.C.C.P., that no less than twelve jurors render a verdict in a felony case. *Roberts v. State*, 933 S.W.2d 271 (Tex. App.—Houston [14th Dist.] ). The Court of

12. *Ante* at 79 n. 11.

Appeals reversed the convictions and remanded the causes for a new trial. We granted the State's petition for discretionary review to reexamine our decision in *Hernandez* and to once again reexamine the question of whether a defendant can waive his statutory right under Article 36.29(a) to a jury of twelve members.

In *Hatch v. State*, 958 S.W.2d 813, Tex.Cr. App.1997), this Court decided the issue adversely to appellant, and held a defendant may waive his statutory right to a jury of twelve members. Therefore, we reverse the judgment of the Court of Appeals and remand the cause there for further proceedings consistent with this opinion and our opinion in *Hatch* and to address appellant's remaining points of error.

MEYERS, J., dissents.

BAIRD, J., issues dissenting opinion.

OVERSTREET, J., issues dissenting opinion.

MANSFIELD, J., issues dissenting opinion.

BAIRD, Judge, dissenting.

The majority opinion is yet another attempt to circumvent applicable law in furtherance of a result oriented agenda. The majority holds "... a defendant may waive his *statutory right* to a jury of twelve members. Therefore, we reverse the judgment of the Court of Appeals and remand the cause there for further proceedings consistent with this opinion and our opinion in *Hatch.* ..." *Ante* at 81.

While I dissent to the majority's holding in this case for the reasons I dissented in *Hatch v. State*, 958 S.W.2d 813 (Tex.Cr.App.), I feel it necessary to comment on the majority's disturbing and unprecedented mischaracterization in this case of defendant's right of trial by a *full* jury as merely a "statutory right" subject to waiver. Until now, this Court has honored an accused felon's *right to a jury of twelve members as a right protected by the Texas Constitution. See,* Tex. Const. art. V, § 13 (jury in district court shall be composed of twelve members); and Tex. Const. art. I, § 15 (defendant's right of trial by jury shall remain inviolable). *Clark v. State,* 161 Tex.Crim. 278, 276 S.W. 819, 820

(1955) (holding judgment in felony case where there is plea of not guilty based only on a verdict of eleven jurors violates defendant's constitutional right of trial by jury and is absolutely void); *Dunn v. State,* 92 Tex. Crim. 126, 242 S.W. 1049 (1922) (same). With this additional comment, I dissent to the majority's failure to apply Texas law requiring twelve jurors in a felony prosecution, consistent with my dissenting opinion in *Hatch v. State,* 958 S.W.2d 813 (Tex.Cr.App.).

OVERSTREET, Judge, dissenting.

I dissent to the majority's disposition of this case for the same reasons as I set out in my dissenting opinion in *Hatch v. State,* 958 S.W.2d 813 (Tex.Crim.App.1997). The State just as it did in *Hatch* makes the argument that Article 62.201 of the Government Code applies to criminal cases; however, Article 62.201 does not extend to criminal cases. Instead Article 36.29 of the Code of Criminal Procedure dictates when a case may be disposed of by less than twelve jurors. Specifically, a jury of less than twelve can deliver a verdict when a juror dies or becomes disabled.

Also, I am neither influenced nor persuaded by the State's creative approach to the definition of waiver of a jury trial. The State asserts that waiver of a jury trial includes consent to proceed with less than twelve; however, waiver of jury trial means the election to proceed without an *entire* jury and have the court determine issues of fact. Accordingly for the reasons stated above I would affirm the decision of the court of appeals.

MANSFIELD, Judge, dissenting.

Recently we held in *Ex parte Hernandez,* 906 S.W.2d 931 (Tex.Crim.App.1995) that Art. 36.29, Texas Code of Criminal Procedure mandates "no less than 12 jurors can render and return a verdict in a felony case" unless one juror "dies or becomes disabled from sitting at any time before the charge of the court is read to the jury." Article V, Section 13 also requires that petit juries in district courts shall be composed of 12 persons.

Today, the majority overrules *Hernandez.* I agree with the majority's implied assertion that where a defendant knowingly and intelligently waives the 12–person jury requirement it is unfair to give him a "second bite at the apple" by overturning his conviction by the 11 person jury he accepted in open court. However, the Code of Criminal Procedure, the Texas Constitution and *stare decisis* compel me to dissent to the majority's disposition of this cause, and appellant, though undeservedly, is entitled by law to reversal of his conviction and sentence and remand of this cause for a new trial.