Henry Sterling Butler v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-098-CR

     HENRY STERLING BUTLER,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 2001-73-C
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      A jury convicted Henry Sterling Butler of being a felon in possession of a firearm and
assessed his punishment at forty years’ imprisonment. Butler claims in a single issue that the court
abused its discretion by proceeding with the trial after discharging one of the jurors.
      After the State’s second witness, Pamela Butler, took the stand and introduced herself, a juror,
Delores Dotson, stated in open court that she needed to speak to the judge because she knew
Pamela.


 The court excused the rest of the jurors for the day and conducted an informal hearing
with Dotson and the attorneys present.


 
      Dotson told the court that Pamela is her husband’s first cousin. She does not see Pamela on
a regular basis at family gatherings, however. Dotson characterized their relationship as distant
because Pamela is from her husband’s side of the family. Dotson stated that her relationship with
Pamela would not affect her view of Pamela’s testimony and would not cause her to favor one side
or the other.
      Counsel for the defense questioned Dotson further. Dotson said that Pamela has been in the
Dotsons’ home “maybe once” and Dotson has never been in her home. It has probably been 20
years since Pamela and she were together in some relative’s home. Dotson reiterated that her
relationship with Pamela would not affect her view of Pamela’s testimony. The court then excused
the parties for the evening.
      The next morning, Butler objected to Dotson continuing to serve on the jury. The court
discharged Dotson, and the trial proceeded with only eleven jurors. Butler did not object to being
tried by a jury of eleven.
      The facts of this case are markedly similar to those in Roberts v. State. 933 S.W.2d 271
(Tex. App.—Houston [14th Dist.] 1996), rev’d, 957 S.W.2d 80 (Tex. Crim. App. 1997), on
remand, 987 S.W.2d 160 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d). In Roberts, a juror
ate lunch at the same restaurant as one of the officers who was going to testify and talked briefly
with the officer. They both testified that they did not discuss the case. 933 S.W.2d at 272.
      When this information came to light, the defendant moved for a mistrial. The court denied
this request. The defendant then asked the court to discharge the juror in question and proceed
with only eleven. The court granted this request. Id.
      The defendant complained on appeal that the trial court erred by proceeding with eleven
jurors. The court of appeals agreed. Id. at 273. The Court of Criminal Appeals reversed, citing
its then-recent decision in Hatch v. State for the proposition that a felony defendant may waive his
right to be tried by a jury of twelve. Roberts, 957 S.W.2d at 81 (citing Hatch, 958 S.W.2d 813
(Tex. Crim. App. 1997)).
      Article V, section 13 of the Texas Constitution defines the right of a criminal defendant in a
felony case to a jury of twelve.
Grand and petit juries in the District Courts shall be composed of twelve persons .
. . . When, pending the trial of any case, one or more jurors not exceeding three, may
die, or be disabled from sitting, the remainder of the jury shall have the power to render
the verdict; provided, that the Legislature may change or modify the rule authorizing less
than the whole number of the jury to render a verdict.

Tex. Const. art. V, § 13; see also Tex. Code Crim. Proc. Ann. art. 33.01 (Vernon 1989) (“In
the district court, the jury shall consist of twelve qualified jurors”).
      The Legislature has enacted two statutes which establish the procedures to be followed in a
criminal case in which a juror dies or becomes disabled. Section 62.201 of the Government Code
states, “The jury in a district court is composed of 12 persons, except that the parties may agree
to try a particular case with fewer than 12 jurors.” Tex. Gov’t Code Ann. § 62.201 (Vernon
1998); see also Hatch, 958 S.W.2d at 816 (“We perceive no reason why Section 62.201 should
not apply to criminal cases.”).
      Article 36.29 of the Code of Criminal Procedure provides in pertinent part:
(a) Not less than twelve jurors can render and return a verdict in a felony case. It
must be concurred in by each juror and signed by the foreman. Except as provided in
Subsection (b), however, after the trial of any felony case begins and a juror dies or, as
determined by the judge, becomes disabled from sitting at any time before the charge of
the court is read to the jury, the remainder of the jury shall have the power to render the
verdict; but when the verdict shall be rendered by less than the whole number, it shall be
signed by every member of the jury concurring in it.

      . . . .
 
(c) After the charge of the court is read to the jury, if any one of them becomes so
sick as to prevent the continuance of his duty, or any accident of circumstance occurs to
prevent their being kept together under circumstances under which the law or the
instructions of the court requires that they be kept together, the jury shall be discharged,
except that on agreement on the record by the defendant, the defendant’s counsel, and the
attorney representing the state 11 members of a jury may render a verdict and, if
punishment is to be assessed by the jury, assess punishment. If a verdict is rendered by
less than the whole number of the jury, each member of the jury shall sign the verdict.

Tex. Code Crim. Proc. Ann. art. 36.29(a), (c) (Vernon Supp. 2003).
      Based on these constitutional and statutory provisions, the right to be tried by a jury of twelve
in felony cases is not absolute. Chavez v. State, 91 S.W.3d 797, 800 (Tex. Crim. App. 2002);
accord Roberts, 957 S.W.2d at 81 (right to jury of 12 may be waived); Hatch, 958 S.W.2d at 816
(same). As the Court of Criminal Appeals has explained, “[O]ur laws provide two instances in
which a trial can proceed with eleven jurors: (1) when the parties consent under § 62.201,


 and
(2) regardless of the parties’ consent, when a juror dies or becomes disabled under Art. 36.29(a).” 
Hill v. State, 90 S.W.3d 308, 314 (Tex. Crim. App. 2002) (footnote added).
      Some courts have held that the right to be tried by a jury of twelve must be waived in writing. 
See State v. Rhodes, 966 S.W.2d 610, 613 (Tex. App.—San Antonio 1998, no pet.); Maten v.
State, 962 S.W.2d 226, 227-28 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d); Hanley v.
State, 909 S.W.2d 117, 119 (Tex. App.—Houston [14th Dist.] 1995, no pet.). At least one has
held that a written waiver is not required. See Landry v. State, 958 S.W.2d 942, 943 (Tex.
App.—Beaumont 1998, pet. ref’d); see also Hatch, 958 S.W.2d at 818 (Baird, J., dissenting)
(observing that the defendant did not sign a written waiver); Roberts, 987 S.W.2d at 162-63 (no
written waiver necessary, but agreement on record required).
      Based on the decisions of the Court of Criminal Appeals in Hatch and Roberts, we agree with
the courts which have concluded that no written waiver is required to proceed with less than
twelve jurors. However, the record must reflect that the defendant consented to proceed with less
than twelve jurors in a case such as this, when the absent juror did not die or become disabled. 
See Hill, 90 S.W.3d at 314 (trial may proceed with 11 jurors under section 62.201 of the
Government Code “if the defendant consents”). The court discharged Dotson at Butler’s request
and proceeded with eleven jurors.
      Section 62.201 states that the trial may proceed with less than twelve jurors if “the parties .
. . agree.” Tex. Gov’t Code Ann. § 62.201; accord Hill, 90 S.W.3d at 314; Hatch, 958 S.W.2d
at 816. Butler argues that the court erred by proceeding in this case because the State did not
consent on the record to proceed. In Hatch, the prosecution and defense expressly agreed to
proceed with eleven jurors after one was discovered to be disqualified because of her citizenship. 
958 S.W.2d at 814. A similar agreement was reached in Maten. 962 S.W.2d at 227.
      In Roberts however, the court determined that the parties had “agreed” to proceed with eleven
even though the State stood silent as the defendant asked the court to proceed after discharging a
juror. 987 S.W.2d at 162-63. A similar result obtained in Landry. 958 S.W.2d at 943.
      Under the language of section 62.201 and the decisions of the Court of Criminal Appeals, an
express agreement on the record is the preferred manner of proceeding with less than twelve
jurors. See Roberts, 987 S.W.2d at 162-63. However, if the defendant affirmatively requests that
the trial proceed with less than twelve or, as in this case, affirmatively requests that the trial court
discharge a juror and does not thereafter request a mistrial or otherwise object to proceeding when
the court grants the request, and if the State does not raise an objection, then the parties will be
deemed to have agreed to proceed with less than twelve jurors. See Roberts, 987 S.W.2d at 163;
Landry, 958 S.W.2d at 943.
      Under the facts of this case, we hold that the parties agreed to proceed with a jury of eleven. 
Thus, we conclude that Butler’s sole issue is without merit.
      We affirm the judgment.

                                                                   BILL VANCE
                                                                   Justice
Before Justice Vance,
      Justice Gray, and
      Senior Justice Hill (Sitting by Assignment)
Affirmed
Opinion delivered and filed August 27, 2003
Publish
[CRPM]