Donovan Keith WAPPLER, Appellant,

v.

The STATE of Texas.

No. 772–03.

Court of Criminal Appeals of Texas.

June 30, 2004.

Grant M. Scheiner, Houston, for Appellant.

Lori Deangelo Fix, Asst. DA, Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

KEASLER, J., delivered the opinion for a unanimous Court.

At Wappler's misdemeanor trial, the judge limited voir dire to fifteen minutes. Wappler objected. Wappler also objected when the judge stated her intention to dismiss the panel, mistakenly believing that not enough venire members would remain for a jury after the parties exercised their peremptory challenges. The Court of Appeals found that Wappler was estopped from complaining about the voir dire limitation because he objected to the judge's proposal to dismiss the panel. We conclude that the Court of Appeals erred in so finding.

### Facts

During jury selection at Donovan Wappler's trial, the jury panel initially consisted of twenty people. The trial judge conducted preliminary voir dire and eliminated six of the venire members. Then, the judge told the parties that they would be limited to fifteen minutes each to conduct voir dire on the remaining fourteen venire members. The State proceeded to conduct its voir dire but was given an additional minute and a half to finish its voir dire when time was called. When time was called while Wappler was in the middle of his voir dire, he requested additional time, stating that he had more issues to cover. The judge would not allow defense counsel any more time and told defense counsel that he could read

the questions he wanted to ask the venire members into the record at the break after peremptory strikes were exercised. Defense counsel urged the judge that he should be allowed to make his bill of exception before making his strikes and before the jury was impaneled, but the trial judge denied this request. The parties then exercised their challenges for cause. Eleven venire members remained on the panel.

Just before the parties began to exercise their peremptory challenges, however, venire person number 18 asked to approach the bench. The venire person informed the court that he would be biased against the defendant and for the State. The State and the defense both moved to strike venire person 18, and the judge struck him from the panel. Believing that there would not be enough venire members left to constitute a jury after the parties exercised their peremptory strikes, the judge proposed to dismiss the panel. But defense counsel objected and stated that there was no legal reason for the panel to be excused, because if the defense and the State exercised strikes against the same persons (double-strikes), then there would still be enough members to constitute a jury. The judge agreed not to dismiss the panel. The parties both exercised a strike on venire member number six, leaving just enough venire members to obtain a jury. After the jury was seated, Wappler renewed his objection to the limitation on voir dire and made a bill of exceptions about the questions he would have asked had he been given additional time.

## Procedural History

Wappler was convicted of driving while intoxicated, a Class B misdemeanor, and sentenced to forty-two days of confinement. Wappler appealed, arguing among other things that the trial court erred in imposing a fifteen-minute time limit on voir dire. The First Court of Appeals found that by objecting to the trial judge's proposed dismissal of the panel, Wappler waived his right to complain that he did not have adequate opportunity to voir dire the panel.[1] The Court of Appeals concluded that if the panel had been dismissed, it would have cured any error caused by the fifteen-minute limitation.[2]

Wappler filed a motion for rehearing. The Court of Appeals denied the motion but withdrew its opinion and substituted a new opinion.[3] In its substituted opinion, the Court of Appeals found that Wappler was estopped from complaining about time limitation on voir dire because he affirmatively asked the court to seat a jury from the venire that he claimed that he did not have adequate opportunity to voir dire.[4] We granted Wappler's petition for discretionary review, which argues in five grounds for review that the Court of Appeals' holding created new law and that the Court of Appeals confused and misapplied the doctrines of waiver, invited error, and estoppel.

## Analysis

 The Court of Appeals held that Wappler was "estopped from complaining that he had been given an inadequate amount of time to voir dire the panel" because "he objected to the dismissal of

---

1. *Wappler v. State*, No. 01-01-00389-CR, 2003 WL 139541, 2003 Tex.App. LEXIS 484, at *5 (Tex.App.-Houston [1st Dist.], Jan. 9, 2003), *reh'g denied, opinion withdrawn*, substituted opinion at 104 S.W.3d 661.

2. *Id.* at * 6.

3. *Wappler v. State*, 104 S.W.3d 661, 661 (Tex. App.-Houston [1st Dist.] 2003).

4. *Id.* at 665–66.

the venire and affirmatively stated that there 'was no legal reason' to dismiss the panel."[5] It found that by insisting that the jury be seated from the venire, Wappler affirmatively endorsed the jury.[6] The Court of Appeals based its reasoning on *Prystash v. State.*[7] In *Prystash*, the defendant objected to a jury instruction that would have authorized the jury to find him criminally responsible as a party to the crime on the basis that the instruction was unconstitutional.[8] The trial judge agreed to omit the instruction but did not agree that the instruction was unconstitutional.[9] On appeal, Prystash argued that the trial court erred in failing to submit the instruction to the jury.[10] We noted in *Prystash* that invited error is a species of estoppel and that "the law of invited error estops a party from making an appellate error of an action it induced."[11] We found that because Prystash affirmatively sought to have the instruction excluded at trial, he could not then complain on appeal that the trial court erred by deleting the instruction.[12]

The issue here is different from that in *Prystash*. Wappler does not complain on appeal that the trial judge erred in retaining the panel after he objected to any dismissal of the panel at trial. Instead, his complaint on appeal is that the trial judge erred in allowing only fifteen minutes to conduct voir dire. As Wappler points out, he did not effectively endorse the panel just because he objected to the panel's dismissal. Instead, he correctly believed that there would be enough venire members from which to pick a jury if the panel remained. Wappler did not lead the trial judge into error by objecting to the panel's dismissal.

Additionally, the trial judge did not attempt to dismiss the panel in order to correct the ruling imposing a time limit on voir dire. Instead, she proposed dismissing the panel because she believed that once peremptory challenges were exercised, there would not be enough venire members left to constitute a jury. There is no indication in the record that the trial judge wanted to dismiss the panel to correct any error in limiting voir dire. Even if the panel had been dismissed, the trial judge still could have imposed the fifteen minute time limit on voir dire on a new panel. So Wappler did not lead the court into error, because dismissing the panel would not necessarily have corrected any error in limiting voir dire. We agree with Wappler that the Court of Appeals misapplied the doctrines of estoppel and invited error.

■ The Court of Appeals also relied on *Tucker v. State* for the proposition that it is possible to waive or forfeit a complaint preserved for appellate review at a later time.[13] But waiver requires "an intentional relinquishment or abandonment of a known right or privilege" by actual renunciation or intentional conduct inconsistent with claiming that known right.[14] Here,

5. *Id.* at 665.

6. *Id.*

7. 3 S.W.3d 522, 530 (Tex.Crim.App.1999).

8. *Id.* at 529–30.

9. *Id.* at 530.

10. *Id.*

11. *Id.* at 531–32.

12. *Id.* at 532.

13. *Tucker v. State*, 990 S.W.2d 261, 263 (Tex. Crim.App.1999).

14. *See Robles v. State*, 577 S.W.2d 699, 703 (Tex.Crim.App.1979) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), *overruled in part on other grounds by Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)).

Wappler neither forfeited nor affirmatively waived his objection to not being allowed to further question the venire members. He kept urging the trial judge to let him continue to question the venire members even as she was dismissing those venire members not picked for the jury. Also, it was not Wappler's motion to dismiss the panel. The trial judge proposed dismissing the jury of her own accord. We find that Wappler did not waive or forfeit his objection to the fifteen-minute limitation on voir dire.

## Conclusion

The Court of Appeals erred in finding that Wappler was estopped from complaining about the fifteen-minute time limitation on voir dire by objecting to the trial judge's expressed intent to dismiss the panel. The Court of Appeals' judgment is reversed and remanded for proceedings consistent with this opinion.