NO. 07-05-0154-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 14, 2006


 

______________________________




TYRONE BERNARD MACK, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 228TH DISTRICT COURT OF HARRIS COUNTY;



NO. 966216; HONORABLE MARC CARTER, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

OPINION

 Following a plea of not guilty, appellant Tyrone Bernard Mack was convicted by a
jury of robbery and sentenced to forty-two years confinement. Presenting three issues,
appellant contends (1) the trial court erred by denying counsel reasonable time for voir dire,
and the evidence was (2) legally and (3) factually insufficient to sustain his conviction. We
reverse and remand.

 Appellant was indicted for his involvement in the robbery of a shoe store. During
voir dire, the court explained the trial process and asked the members of the panel several
preliminary questions. The State and the defense were then allowed thirty minutes each
to question the panel. Following the State, appellant's counsel questioned the venire
members on a variety of topics for approximately thirty-five minutes. When the court
notified appellant's counsel her time for questioning had elapsed, the following exchange
occurred:

 Counsel: All right. Judge, for the record, I would like to ask one more
question of the jury panel. It has to do with any relationship to
district attorneys, law enforcement types and that relationship
that they have.

 The Court: All right. It's on the record. That's denied. 


A jury subsequently convicted appellant of the offense. 


 By his first issue, appellant maintains it was error to deny counsel the opportunity
to ask the prospective jurors the additional question. We agree. 

 We review the trial court's ruling on voir dire for abuse of discretion. Barajas v.
State, 93 S.W.3d 36, 38 (Tex.Cr.App. 2002). Absent such an abuse, we will not reverse
a trial court's refusal to extend additional time for questioning. Id. Texas trial courts have
broad discretion over the jury-selection process, including discretion to set reasonable time
limits on voir dire. Id.; Boyd v. State, 811 S.W.2d 105, 115 (Tex.Cr.App. 1991). However,
it is improper for a trial court to limit voir dire based on the mere possibility that an
otherwise proper question might lengthen the jury-selection process. Woolridge v. State,
827 S.W.2d 900, 905-06 (Tex.Cr.App. 1992). Each case must be examined on its own
facts. Ratliff v. State, 690 S.W.2d 597, 600 (Tex.Cr.App. 1985). Thus, a reasonable time
limitation for one case may not be reasonable for another. Id. 

 In reviewing whether the trial court abused its discretion, we apply the two-prong test
in McCarter v. State, 837 S.W.2d 117,119 (Tex.Cr.App. 1992). (1) Under McCarter, we must
determine (1) whether the requested question was an attempt by counsel to prolong voir
dire, and (2) whether the requested question was proper. Id. 

 Regarding the first prong, the record reveals that appellant's counsel spent her
allotted time questioning the venire members on a variety of subjects, including the
elements of the offense, the State's burden of proof, the law of parties, relationships with
other jurors, and past criminal trial experiences. Counsel also expended considerable time
evaluating the venire members' ability to follow the law if the State failed to prove an
essential element of the offense. (2) This topic generated a number of individual responses
from the panel and required additional instruction from the court. To compensate for the
additional instruction, the court granted counsel an additional five minutes to conclude her
questioning. Nothing suggests that any of the questions asked or topics discussed by
counsel were irrelevant, immaterial, or unnecessarily repetitious. Considering the nature
of the offense, the subject matter covered, and the time allotted, we cannot conclude that
counsel's request to ask the additional question was merely an attempt to prolong voir dire.

 Under the second prong of the McCarter test, we look at whether the requested
question was a proper question for voir dire. Id. A question is proper if it is designed to
discover a venire member's views on an issue applicable to the case and does not attempt
to commit a juror to a particular verdict based on particular facts. Barajas, 93 S.W.3d at
38. In the present case, the State concedes it would have been proper for counsel to
question the prospective jurors regarding their relationships with district attorneys or law
enforcement personnel because the question relates to potential bias. We agree with the
State's assessment and conclude that the question requested by counsel was proper here
to ensure a fair and impartial jury.

 Although the State concedes counsel's question was proper, it maintains that the
trial court did not abuse its discretion in denying counsel the opportunity to ask the question
because the topic had already been discussed with the panel. To support its argument,
the State cites Ratliff for the proposition that questions which are "irrelevant, immaterial,
or unnecessarily repetitious" may be considered as attempts to prolong voir dire. Ratliff,
690 S.W.2d at 599. Here, the record reflects that, during voir dire, both the court and the
prosecutor asked questions referring to bias and discussed how bias should not be
considered when evaluating the credibility of a witness. In fact, the court specifically
inquired whether any of the venire members had relatives that were police officers. 

 Even so, it is clear that "defense counsel may not be precluded from the traditional
voir dire examination because the questions asked are repetitious of those asked by the
court and prosecutor." E.g., McCarter, 837 S.W.2d at 121. Appellant's counsel had the
right to question the prospective jurors in her own individual manner "to emphasize a point
or uncover a hidden bias and [should] not be forced to rely on other parties to ask similar
questions." Id.; Williams v. State, 804 S.W.2d 95, 107 (Tex.Cr.App. 1991). Therefore, we
disagree with the State's position.

 We also disagree with the State's contention that appellant's objection was not
preserved for appellate review because it consisted of a general topic for discussion which
could contain both proper and improper inquiries. See Dhillon v. State, 138 S.W.3d 583,
589 (Tex.App.-Houston [14th Dist.] 2004, no pet.). We are aware that a voir dire question
that is so vague and broad as to constitute a global fishing expedition fails to preserve error
because it is impossible for a reviewing court to determine whether it was relevant and
properly phrased. Id.; Barajas, 93 S.W.3d at 39. However, here, appellant's counsel
requested to ask one additional question specifically pertaining to relationships to district
attorneys or law enforcement and "that relationship that they have." We find this
distinguishable from counsel's request in Dhillon to question the potential jurors on "general
topic[s] concerning drinking and driving." Dhillon, 138 S.W.3d at 590. We conclude
counsel's request was not so vague or overly broad that it is impossible upon further review
to determine whether the question was relevant and proper.

 Accordingly, we find appellant's complaint is properly before us (3) and conclude the
trial court abused its discretion in denying counsel the right to pose the additional question
to the venire. 

Harm Analysis

 Having found error, we must now determine whether the trial court's restriction of
voir dire was harmful. It is undisputed that the right to pose proper questions during voir
dire examination is essential to the Sixth Amendment guarantees of assistance of counsel
and the right to an impartial jury. Franklin v. State, 138 S.W.3d 351, 354 (Tex.Cr.App.
2004). See also Linnell v. State, 935 S.W.2d 426, 428 (Tex.Cr.App. 1996) (holding the
right of appellant's counsel to question the members of the jury panel is necessary in order
to intelligently exercise peremptory challenges). This right is also implicit in the right to
assistance of counsel embodied in Article I, § 10 of the Texas Constitution. Gonzales v.
State, 994 S.W.2d 170, 171 (Tex.Cr.App. 1999). Yet, the United States Supreme Court
has never held that an erroneous restriction of voir dire is a structural error of a federal
constitutional nature; therefore, it remains subject to harmless error analysis under Rule
44.2. Tex. R. App. P. 44.2; Gonzales, 994 S.W.2d at 171.

 Under Rule 44.2, we are provided with two separate standards for determining
whether a trial court's error is reversible. With respect to constitutional errors, the court of
appeals must reverse the judgment "unless [it] determines beyond a reasonable doubt that
the error did not contribute to the conviction or punishment." Tex. R. App. P. 44.2(a). All
other errors must be disregarded unless they affect a defendant's "substantial rights." Id.
at (b). In a situation such as appellant's, when an error in the jury selection process
infringes on a defendant's constitutional right to trial by an impartial jury, we must conduct
a 44.2(a) analysis. Franklin, 138 S.W.3d at 355. Under this standard, if there is a
reasonable likelihood that the error materially affected the jury's deliberations, then the
error was not harmless beyond a reasonable doubt. Wesbrook v. State, 29 S.W.3d 103,
119 (Tex.Cr.App. 2000).

 During voir dire, when the trial court asked whether any members of the panel had
relatives that were police officers, an unidentified venire member responded that he was
a retired police officer. However, the court made no further investigation and did not
inquire as to whether he had any biases as a result of his employment. Another
unidentified member of the panel stated he had a cousin who was a police officer, but he
assured the court and the prosecutor he would wait and evaluate any witness before
making a determination regarding credibility. At the guilt/innocence phase of appellant's
trial, two law enforcement witnesses, a deputy and a detective from the Harris County
Sheriff's Department, testified for the State. 

 The trial court's ruling on voir dire essentially precluded appellant's counsel from
questioning the prospective jurors regarding any potential bias in favor of the State, its
attorneys, or its law enforcement witnesses. In effect, the ruling also denied counsel the
opportunity to further investigate the two unidentified venire members who responded to
the court's initial inquiry regarding relationships to police officers. Because we have no
responses from the panel in this regard, we have no way of ascertaining whether the
unidentified members of the panel ultimately selected to serve as jurors were indeed
impartial. Consequently, in reviewing the voir dire proceedings, it is not unreasonable to
assume that one or more of the selected jurors could have been inclined to convict
appellant because they were biased in favor of the State or its witnesses. Rule 44.2(a)
does not permit us to find an error harmless based upon speculation or conjecture, and
here, we simply cannot conclude beyond a reasonable doubt that the trial court's restriction
of counsel's ability to question the prospective jurors regarding bias did not contribute to
appellant's conviction. 

 Nonetheless, the State, citing Wappler v. State, 183 S.W.3d 765
(Tex.App.-Houston [1st Dist.] 2005, pet. struck), insists any error in disallowing counsel's
question was harmless. In Wappler, the reviewing court determined that the lower court
erred by denying counsel the opportunity to ask five otherwise proper questions after his
time for voir dire had expired. Id. In conducting its harm analysis, relying on Rich v. State,
160 S.W.3d 575 (Tex.Cr.App. 2005), the court applied a "heightened" Rule 44.2(a) analysis
evaluating the error in light of multiple evidentiary factors. Id. However, Rich involves a
44.2(b) analysis as opposed to a constitutional harmless error analysis under 44.2(a). 
Rich, 160 S.W.3d at 577 (explaining that because the court of appeals's 44.2(b) analysis
was not contested, "we assume that to be the proper rule"). Furthermore, provided the
Wappler court found the trial court's erroneous restriction of voir dire to be harmful, we do
not find it to be persuasive authority supporting the State's position. Appellant's first issue
is sustained. Our disposition of this issue precludes our consideration of appellant's
remaining issues. Tex. R. App. P. 47.1.

 Accordingly, the trial court's judgment is reversed and the cause remanded for a
new trial.

 Don H. Reavis

 Justice

Quinn, C.J., dissenting.


Do not publish.


NO. 07-05-0154-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 14, 2006



______________________________




TYRONE BERNARD MACK,



 Appellant


v.



THE STATE OF TEXAS,



 Appellee


_________________________________



FROM THE 228th DISTRICT COURT OF HARRIS COUNTY;



NO. 966216; HON. MARC CARTER, PRESIDING



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Dissenting Opinion


 I would overrule appellant's complaint about his purported inability to voir dire the
jury. Simply put, he waived the matter. 

 The record certainly reveals that appellant, through his counsel, sought to propound
one more question to the jury after his allotted time for voir dire expired. So too does the
record show that the trial court denied appellant the chance to ask the question. Yet, after
voir dire ended, the litigants exercised their peremptory strikes, and the names of those
comprising the jury were announced, the trial court asked: ". . . Defense, any objection to
the jury as seated?" Appellant, through his counsel, responded: "No objection, Your
Honor." 

 It is clear that one must preserve, through objection, complaints about conduct
occurring at trial. See Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991) (so
noting). So too is it clear that an objection formerly preserved may later be waived. For
instance, an appellant expressly informing the trial court that he has "no objection" to
evidence he previously tried to suppress is a case in point. By telling the court that he has
no objection to the evidence, the complainant waives any error in the admission of that
evidence. Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); Flores v.
State, 129 S.W.3d 169, 171-72 (Tex. App.-Corpus Christi 2004, no pet.). This result is
quite logical for one cannot be allowed to complain about that which he approved or helped
instigate. And, this is no less true here. 

 The topic which appellant sought to broach during voir dire concerned potential bias
of the jury. Admittedly, exploration of that subject was a means of affording him
opportunity to assess whether various members of the venire were unacceptable by law
or choice. Yet, in telling the trial court that he had "no objection" to the jury ultimately
selected, appellant implicitly, if not explicitly, revealed his approval of those factfinders
ultimately chosen. Having voiced his approval of those selected, appellant should be
precluded, on appeal, from trying to attack those he approved. (4) So, for the reasoning
implicit in Moraguez and its progeny, I conclude that appellant waived any complaint he
had to the trial court's decision to limit voir dire as it did.

 

 Brian Quinn

 Chief Justice


Do not publish.

 
1. A third prong applies when counsel is prevented from questioning venire members
individually, as opposed to collectively, but it is not applicable here. See McCarter, 837
S.W.2d at 119-21.
2. Counsel proposed a hypothetical in which the State failed to prove the element of
jurisdiction.
3. The dissent concludes appellant waived his voir dire complaint because after the
parties exercised their peremptory strikes, appellant's counsel stated she had no objection
to the jury as seated. However, the majority does not believe counsel's response to the
court's inquiry regarding the jury "as seated" amounted to an express, voluntary, and
knowing waiver of her prior complaint concerning her inability to question the prospective
jurors regarding bias. See Wappler v. State, 138 S.W.3d 331, 334 (Tex.Cr.App. 2004). 
 
4. I do not purport to address a situation wherein it is later discovered that a venire member may have
withheld information or lied during voir dire. Nor do I address situations wherein conduct occurring or
circumstances arising after voir dire may create basis for removing the juror.