Opinion filed July 15,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00312-CR

                                                    __________

 

                                 VERNON
LEE WILLIS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 104th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 16695B

 



 

                                                                  O
P I N I O N

                                                                              

            The
grand jury indicted Vernon Lee Willis on one count of possession with intent to
deliver cocaine in an amount of more than 4 grams and less than 200 grams.  The
second count of the indictment charged the offense of possession of the same cocaine
in an amount of more than 4 grams and less than 200 grams, but omitted the
charge that Willis intended to deliver it.  The jury found Vernon Lee Willis
guilty of the offense of possession of cocaine in an amount of more than 4
grams and less than 200 grams as charged in the second count.  The offense was
enhanced by a prior conviction for burglary of a habitation.  Willis pleaded
true to the enhancement allegation, and the trial court assessed Willis’s
punishment at confinement for twenty years.  We affirm.

            There
is no challenge to the sufficiency of the evidence, and there is no need to
detail it.  Suffice it to say, the evidence shows that Willis was personally in
possession of the cocaine when approached by law enforcement officers.

            Willis
presents two points of error.  First, he claims that the trial court erred when
it proceeded to try him before a jury of eleven members.  In his second issue,
Willis maintains that the trial court erred when it submitted a jury charge on
the law of parties without limiting it to the offense of possession with intent
to deliver.

            On
the morning after the jury was seated and sworn, and opening statements had
been made, the bailiff notified the trial court that one of the jurors had
informed him that he had been convicted of a felony.  The conviction occurred
some twenty years earlier.  The juror had received probation and had forgotten
about it.

            When
the matter was brought to the attention of the trial court, it asked the
prosecutor how the State wanted to proceed.  The prosecutor responded that the
juror was disqualified but that they should proceed with eleven jurors.  The prosecutor
also told the court that a mistrial would not be appropriate because the trial
court was obligated first to take less drastic measures.  It was the State’s
position that the law allowed them, by agreement, to continue the trial with eleven
jurors and that was a less drastic way in which to proceed.

            When
the trial court asked Willis’s attorney to respond, he said, “Judge, I think
I’m in agreement [with] Joel [the State’s attorney].  I mean, just for judicial
economy.  Instead of bringing 48, 50 more people down here, you know,
requesting a mistrial, reseating them, the Code does provide to proceed with
11, and so.”  At that point, the trial court interrupted, “Okay.  All right.”

            Tex. Code Crim. Proc. Ann. art.
36.29(a) (Vernon Supp. 2009) provides in relevant part:  “Not less than twelve
jurors can render and return a verdict in a felony case.”   There are
exceptions to that provision.  The exception here is contained in Tex. Gov’t Code Ann. § 62.201 (Vernon
2005).  That provision contains the following language:  “The jury in a
district court is composed of 12 persons, except that the parties may agree
to try a particular case with fewer than 12 jurors” (emphasis added).

            The
plain language of Section 62.201 draws no distinction between civil and criminal
cases.  Hatch v. State, 958 S.W.2d 813, 816 (Tex. Crim. App. 1997). 
Section 62.201 applies to criminal cases.  Id. at 817.

            However,
there is a distinction between the complete waiver of a jury trial and an agreement
to be tried by a jury of less than twelve persons.  Id. at 816.  In the
latter instance, the defendant is still claiming his right to a jury trial,
albeit with less than twelve members.  Id.  The various requirements for
waiver of a jury trial set out in Tex.
Code Crim. Proc. Ann. arts. 1.13, 1.14,  1.15 (Vernon 2005), do not
apply to situations in which there is an agreement by the parties to try
the case before a jury of less than twelve persons, as opposed to a complete waiver
of a jury.  Butler v. State, 119 S.W.3d 404, 407 Tex. App.—Waco 2003,
pet. ref’d).  What is required under Section 62.201 is a record that
affirmatively establishes the agreement of the parties to try the case with
less than twelve jurors.  Hatch, 958 S.W.2d at 815-16; Roberts v.
State, 987 S.W.2d 160, 163 (Tex. App.—Houston [14th Dist.] 1999, pet.
ref’d).

            Here,
after the juror’s disqualification became known, the trial court asked the prosecutor 
to comment upon the State’s position on whether to proceed.  The prosecutor
advised the trial court that they should proceed with eleven jurors as a less
drastic measure than a mistrial.  Willis’s attorney agreed with him.  After the
trial court dismissed the juror, both attorneys were asked if they were ready
for the jury to be brought in.  They both responded that they were, and the
testimony began.

            We
hold that this record affirmatively establishes the agreement of the parties to
try the case before a jury of less than twelve members in accordance with
Section 62.201 of the Texas Government Code.   Willis’s first point of error is
overruled.

              
In his second point, Willis contends that the trial court erred when it instructed
the jury on the law of parties and did not limit the application of the law of
parties to the offense of possession with intent to deliver.  The trial court gave
the jury an abstract instruction on the law of parties.  However, the court did
not, directly or indirectly, include the law of parties either in the application
paragraph for count one or in the application paragraph for count two.

            When
an abstract charge is given on a theory of law not raised by the evidence,
without specific application to the facts of the case, the trial court does not
err when it overrules an objection to the abstract charge.  Hughes v. State,
897 S.W.2d 285, 297 (Tex. Crim. App. 1994).

The
court of appeals addressed an issue similar to the one before us in Wappler
v. State, 104 S.W.3d 661 (Tex. App.—Houston [1st  Dist.] 2003), rev’d on
other grounds, 138 S.W.3d 331 (Tex. Crim. App. 2004).  Wappler contended
that the trial court erred when it submitted the following charge to the jury: 
“Nothing in the law prohibits the admission of a statement made by the accused
that is the res geste [sic] of the arrest or of the offense.”  Wappler,
104 S.W.3d at 669. The State agreed with Wappler that the instruction was not
raised by the evidence.  However, the State also argued that no reversible
error was shown because the charge was a correct statement of the law, was
given to the jury only in the abstract jury instructions, and was not applied
to the specific facts of the case.  Relying on Hughes, the court of
appeals agreed and held that the trial court did not err when it overruled Wappler’s
objection to the charge.  Wappler, 104 S.W.3d at 669.

The
situations in Hughes, in Wappler, and in this case are to be
distinguished from those situations where the charge contains an abstract instruction
on the theory of law on which the accused is prosecuted but does not contain
an application paragraph applying that law to the facts.  In those situations,
such failure deprives an accused of a fair trial.  Jones v. State, 815
S.W.2d 667, 670 (Tex. Crim. App. 1991).   

We
hold that, when an abstract charge is given on a theory of law not raised by
the evidence, in which the law is correctly stated, without specific
application to the facts of the case, the trial court does not err when it overrules
an objection to the abstract charge.  Here, the trial court correctly stated
the law of parties in an abstract instruction and did not apply the abstract
instruction on the law of parties to the facts of this case as to either charge
in the indictment.  Accordingly, the jury was not authorized to convict Willis
by applying the law of parties.  Hughes, 897 S.W.2d at 297.  The trial
court did not err when it overruled Willis’s objection to the court’s charge. 
The second point of error is overruled.

            We
affirm the judgment of the trial court.

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

July 15, 2010

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange. J.