**Opinion filed July 15, 2010**



### In The

# Eleventh Court of Appeals

_____

## No. 11-08-00312-CR

_____

## VERNON LEE WILLIS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16695B**

### O P I N I O N

The grand jury indicted Vernon Lee Willis on one count of possession with intent to deliver cocaine in an amount of more than 4 grams and less than 200 grams. The second count of the indictment charged the offense of possession of the same cocaine in an amount of more than 4 grams and less than 200 grams, but omitted the charge that Willis intended to deliver it. The jury found Vernon Lee Willis guilty of the offense of possession of cocaine in an amount of more than 4 grams and less than 200 grams as charged in the second count. The offense was enhanced by a prior conviction for burglary of a habitation. Willis pleaded true to the enhancement allegation, and the trial court assessed Willis's punishment at confinement for twenty years. We affirm.

There is no challenge to the sufficiency of the evidence, and there is no need to detail it. Suffice it to say, the evidence shows that Willis was personally in possession of the cocaine when approached by law enforcement officers.

Willis presents two points of error. First, he claims that the trial court erred when it proceeded to try him before a jury of eleven members. In his second issue, Willis maintains that the trial court erred when it submitted a jury charge on the law of parties without limiting it to the offense of possession with intent to deliver.

On the morning after the jury was seated and sworn, and opening statements had been made, the bailiff notified the trial court that one of the jurors had informed him that he had been convicted of a felony. The conviction occurred some twenty years earlier. The juror had received probation and had forgotten about it.

When the matter was brought to the attention of the trial court, it asked the prosecutor how the State wanted to proceed. The prosecutor responded that the juror was disqualified but that they should proceed with eleven jurors. The prosecutor also told the court that a mistrial would not be appropriate because the trial court was obligated first to take less drastic measures. It was the State's position that the law allowed them, by agreement, to continue the trial with eleven jurors and that was a less drastic way in which to proceed.

When the trial court asked Willis's attorney to respond, he said, "Judge, I think I'm in agreement [with] Joel [the State's attorney]. I mean, just for judicial economy. Instead of bringing 48, 50 more people down here, you know, requesting a mistrial, reseating them, the Code does provide to proceed with 11, and so." At that point, the trial court interrupted, "Okay. All right."

TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp. 2009) provides in relevant part: "Not less than twelve jurors can render and return a verdict in a felony case." There are exceptions to that provision. The exception here is contained in TEX. GOV'T CODE ANN. § 62.201 (Vernon 2005). That provision contains the following language: "The jury in a district court is composed of 12 persons, except that the parties may *agree* to try a particular case with fewer than 12 jurors" (emphasis added).

The plain language of Section 62.201 draws no distinction between civil and criminal cases. *Hatch v. State*, 958 S.W.2d 813, 816 (Tex. Crim. App. 1997). Section 62.201 applies to criminal cases. *Id.* at 817.

2

However, there is a distinction between the complete waiver of a jury trial and an agreement to be tried by a jury of less than twelve persons. *Id.* at 816. In the latter instance, the defendant is still claiming his right to a jury trial, albeit with less than twelve members. *Id*. The various requirements for waiver of a jury trial set out in TEX. CODE CRIM. PROC. ANN. arts. 1.13, 1.14, 1.15 (Vernon 2005), do not apply to situations in which there is an *agreement* by the parties to try the case before a jury of less than twelve persons, as opposed to a complete waiver of a jury. *Butler v. State*, 119 S.W.3d 404, 407 Tex. App.—Waco 2003, pet. ref'd). What is required under Section 62.201 is a record that affirmatively establishes the *agreement* of the parties to try the case with less than twelve jurors. *Hatch*, 958 S.W.2d at 815-16; *Roberts v. State*, 987 S.W.2d 160, 163 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

Here, after the juror's disqualification became known, the trial court asked the prosecutor to comment upon the State's position on whether to proceed. The prosecutor advised the trial court that they should proceed with eleven jurors as a less drastic measure than a mistrial. Willis's attorney agreed with him. After the trial court dismissed the juror, both attorneys were asked if they were ready for the jury to be brought in. They both responded that they were, and the testimony began.

We hold that this record affirmatively establishes the agreement of the parties to try the case before a jury of less than twelve members in accordance with Section 62.201 of the Texas Government Code. Willis's first point of error is overruled.

In his second point, Willis contends that the trial court erred when it instructed the jury on the law of parties and did not limit the application of the law of parties to the offense of possession with intent to deliver. The trial court gave the jury an abstract instruction on the law of parties. However, the court did not, directly or indirectly, include the law of parties either in the application paragraph for count one or in the application paragraph for count two.

When an abstract charge is given on a theory of law not raised by the evidence, without specific application to the facts of the case, the trial court does not err when it overrules an objection to the abstract charge. *Hughes v. State*, 897 S.W.2d 285, 297 (Tex. Crim. App. 1994).

The court of appeals addressed an issue similar to the one before us in *Wappler v. State*, 104 S.W.3d 661 (Tex. App.—Houston [1st Dist.] 2003), *rev'd on other grounds*, 138 S.W.3d 331 (Tex. Crim. App. 2004). Wappler contended that the trial court erred when it submitted the following charge to the jury: "Nothing in the law prohibits the admission of a statement made by the accused that is the res geste [sic] of the arrest or of the offense." *Wappler*, 104 S.W.3d at

3

669. The State agreed with Wappler that the instruction was not raised by the evidence. However, the State also argued that no reversible error was shown because the charge was a correct statement of the law, was given to the jury only in the abstract jury instructions, and was not applied to the specific facts of the case. Relying on *Hughes*, the court of appeals agreed and held that the trial court did not err when it overruled Wappler's objection to the charge. *Wappler*, 104 S.W.3d at 669.

The situations in *Hughes*, in *Wappler*, and in this case are to be distinguished from those situations where the charge contains an abstract instruction on the theory of law *on which the accused is prosecuted* but does not contain an application paragraph applying that law to the facts. In those situations, such failure deprives an accused of a fair trial. *Jones v. State*, 815 S.W.2d 667, 670 (Tex. Crim. App. 1991).

We hold that, when an abstract charge is given on a theory of law not raised by the evidence, in which the law is correctly stated, without specific application to the facts of the case, the trial court does not err when it overrules an objection to the abstract charge. Here, the trial court correctly stated the law of parties in an abstract instruction and did not apply the abstract instruction on the law of parties to the facts of this case as to either charge in the indictment. Accordingly, the jury was not authorized to convict Willis by applying the law of parties. *Hughes*, 897 S.W.2d at 297. The trial court did not err when it overruled Willis's objection to the court's charge. The second point of error is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE

July 15, 2010

Publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange. J.

4