

# IN THE
# TENTH COURT OF APPEALS

────────────

### No. 10-11-00390-CR

**MICHAEL LYNN DAVIS,**

                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                            **Appellee**

────────────

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2011-708-C2**

---

## MEMORANDUM  OPINION

---

Michael Lynn Davis appeals from a conviction for the offense of burglary of a

habitation by entering a residence and committing or attempting to commit assault for

which he was sentenced to 99 years in prison.  TEX. PEN. CODE ANN. § 30.02(a)(3) (West

2011).  Davis complains that the jury charge was erroneous because it did not include a

culpable mental state in the definition of burglary in the abstract portion of the charge

and because the definitions of "intentionally" and "knowingly" included both nature of

conduct and result of conduct definitions.  Davis also complains that the failure of the

trial court to require a written waiver of the requirement of 12 jurors was erroneous when one of the jurors was discharged because it was discovered that he did not speak or write English very well. Davis finally complains that the trial court erred in assessing the fees paid to his court-appointed attorney and investigator as costs. Because the assessment of the fees was erroneous but there was no other reversible error, we modify the judgment to delete the assessment of the attorney's fees and investigator's fees and otherwise affirm.

*Jury Charge Error*

Davis complains in his first issue that the jury charge was erroneous because the definition of "burglary" contained in the abstract portion of the jury charge did not contain the appropriate culpable mental states of "intentionally" or "knowingly." In the abstract portion of the charge, the trial court set forth the definition of burglary of a habitation using the precise language of section 30.02 of the penal code, which does not include a culpable mental state. *See* TEX. PEN. CODE ANN. § 30.02(a)(3). The application paragraph, however, did properly include "intentionally or knowingly" and Davis concedes that the application paragraph was not erroneous. Rather, he contends that the failure of the trial court to include "intentionally or knowingly" in the definition of burglary in the definition was fundamental error.

"The application paragraph of a jury charge is that which authorizes conviction, and an abstract charge on a theory of law which is not applied to the facts is insufficient

to bring that theory before the jury." *Campbell v. State*, 910 S.W.2d 475, 477 (Tex. Crim. App. 1995) (*citing Jones v. State*, 815 S.W.2d 667, 669 (Tex. Crim. App. 1991)). Davis's argument appears to be that the definition in the abstract portion of the charge would allow him to be convicted without consideration of a culpable mental state. Even if the definition were erroneous, however, the properly-worded application paragraph limited the jury's consideration to the required culpable mental states. We do not find that the jury charge was erroneous. We overrule issue one.

Davis complains in his second issue that the jury charge was also erroneous because it included the entire definitions of "intentionally" and "knowingly," which include both nature of conduct and result of conduct definitions. Davis argues that the portions of the instructions relating to the result of his conduct should not have been included in the jury charge because the primary charge of burglary is a nature of conduct offense.

Certainly the gravamen of the offense of burglary is the act of entry without the consent of the owner. *Ex parte Cavazos*, 203 S.W.3d 333, 335-37 (Tex. Crim. App. 2006). However, in order to convict Davis of the offense as alleged, the State was required to establish that he had either committed or attempted to commit an assault, which is a result of conduct offense. *See* TEX. PEN. CODE ANN. § 30.02(a)(3). "Assault" was properly defined within the jury charge and Davis does not complain about that definition. The result of conduct definitions were required in order to properly define what constitutes

"assault." We do not believe that the instructions as included were erroneous. We overrule issue two.

*Eleven Jurors*

Davis complains that the trial court erred by allowing the trial to continue after one of the twelve jurors was discharged without a written waiver. After the trial was underway it became known that one of the jurors had difficulty reading and writing the English language, and that juror was discharged. After consulting with his attorney, Davis orally stated his preference on the record to continue with only 11 jurors. Article V, section 13 of the Texas Constitution was amended in 2003 to allow for a verdict to be rendered by less than twelve jurors if one or more become disabled from sitting. TEX. CONST. art. 5, § 13. Prior to that amendment, this Court determined that a written waiver of a jury was not required in similar circumstances. *See Butler v. State*, 119 S.W.3d 404, 406-07 (Tex. App.—Waco 2003, pet. ref'd). Davis contends that this decision is erroneous but does not provide any argument to support that position and we decline to deviate from that holding. We overrule issue three.

*Attorney's Fees*

Davis complains in his fourth issue that the trial court erred in assessing court appointed attorney's fees and investigator's fees because there was no evidence presented that he was no longer indigent. *See Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010). The State concedes error and we agree with Davis. Therefore, any

assessment for attorney's fees or investigator's fees should be deleted from the judgment. We sustain issue four.

*Conclusion*

We find that the evidence was insufficient for the trial court to have assessed attorney's fees and investigator's fees against him. We find no other reversible error has been presented. Therefore, the judgment is modified to show that Davis's court costs are assessed in the amount of $354.00. As modified, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Modified, and Affirmed as Modified
Opinion delivered and filed August 30, 2012
Do not publish
[CRPM]