**Latonya Denise HARRELL, Appellant,**

v.

**The STATE of Texas.**

**No. 382–97**

Court of Criminal Appeals of Texas.

Dec. 2, 1998.

R. Scott Shearer, Houston, for appellant.

Dan McCrory, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

### OPINION

The opinion of the Court was delivered PER CURIAM.

A jury convicted Appellant of murder and assessed her punishment at confinement for thirty years. The Court of Appeals originally affirmed the conviction, holding that Appellant waived her right to a jury of twelve and agreed to proceed with eleven jurors. *Harrell v. State,* 923 S.W.2d 104 (Tex.App.—Houston [14th Dist.] 1996). Appellant filed a petition for discretionary review, arguing that a jury of twelve cannot be waived. We granted Appellant's petition, vacated the Court of Appeals' opinion, and remanded for reconsideration in light of *Ex parte Hernandez,* 906 S.W.2d 931 (Tex.Crim.App.1995). *Harrell v. State,* 930 S.W.2d 100 (Tex.Crim. App.1996).

On remand, the Court of Appeals reversed the conviction, holding that under *Hernandez,* a defendant accused of a felony may not waive the right to a jury composed of twelve persons. *Harrell v. State,* 938 S.W.2d 162 (Tex.App.—Houston [14th Dist.] 1997). The State has filed a petition for discretionary review of that decision. After the Court of Appeals handed down its opinion on remand, this Court decided *Hatch v. State,* 958 S.W.2d 813 (Tex.Crim.App.1997), which overruled *Hernandez* and held that a defendant may waive his statutory right to a jury of twelve members. See also *Roberts v. State,* 957 S.W.2d 80 (Tex.Crim.App.1997).

In this situation, this Court would normally grant the State's petition and remand in light of *Hatch* and *Roberts.* However, a remand is unnecessary in this case, since the Court of Appeals has already made the factual determination that Appellant waived a jury of twelve, and we have since determined that such a waiver is permissible. There is no issue left for the Court of Appeals to resolve. The Court of Appeals' conclusion in its origi-

nal opinion is now correct under *Hatch.* However, since the opinion on remand is not in harmony with *Hatch,* we summarily grant the State's petition, reverse the Court of Appeals' judgment, and affirm the judgment of the trial court.

BAIRD, J., dissents for the reasons stated in *Hatch v. State,* 958 S.W.2d 813, 816 (Tex.Cr.App.1997)(Baird, J., dissenting).

OVERSTREET, J., dissents.

MEYERS, J., not participating.