

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-0363-24
PD-0364-24

**THE STATE OF TEXAS**

**v.**

**CHRISTOPHER LYNN NEWTON, Appellee**

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NAVARRO COUNTY

WALKER, J., delivered the opinion of the Court in which SCHENCK, P.J., and RICHARDSON, YEARY, NEWELL, MCCLURE, FINLEY, and PARKER, JJ., joined. KEEL, J., concurred.

## O P I N I O N

Appellee Christopher Lynn Newton was arrested without a warrant after an officer investigated the scene of a one-vehicle collision where the vehicle had already left, followed tire marks from the scene to a damaged truck which was parked outside of a house, and asked the occupant of the house, Appellee, to come outside, where the officer then observed signs

that Appellee was intoxicated. *State v. Newton*, 689 S.W.3d 397, 400–01 (Tex. App.—Corpus Christi–Edinburg 2024). The trial court ruled that the warrantless arrest was unlawful because Appellee was at his home which was not a suspicious place, *id.* at 405, and there were no exigent circumstances. *Id.* at 403; *see* TEX. CODE CRIM. PROC. Ann. art. 14.03(a)(1) ("Any peace officer may arrest, without warrant . . . persons found *in suspicious places* and under circumstances which reasonably show that such persons have been guilty of some felony, violation of Title 9, Chapter 42, Penal Code, breach of the peace, or offense under Section 49.02, Penal Code, or threaten, or are about to commit some offense against the laws[.]") (emphasis added).

The State did not challenge the trial court's conclusion that exigent circumstances were not present, and on the State's appeal Appellee argued that the State had therefore failed to preserve for appellate review the issue of whether the warrantless arrest was lawful under article 14.03(a)(1). *Newton*, 689 S.W.3d at 403. After reviewing this Court's opinions in which this Court signaled that exigent circumstances may be required, the court of appeals nevertheless concluded that exigent circumstances were not required by the statute, found that the State's issue was reviewable, and proceeded to address the merits of the warrantless arrest. *Id.* at 403–05 (discussing *Swain v. State*, 181 S.W.3d 359 (Tex. Crim. App. 2005); *State v. McGuire*, 689 S.W.3d 596 (Tex. Crim. App. 2024); and *Gallups v. State*, 151 S.W.3d 196 (Tex. Crim. App. 2004)).

We granted Appellee's petition for discretionary review, which specifically alleges

that:

> The court of appeals erred in overturning the grant of Mr. Newton's motion to suppress by failing to follow existing authority, creating a split among the courts of appeal, and misapplying both precedent and cannons [sic] of statutory construction.

Appellee's issue is a narrow one, and he argues in his brief that the court of appeals was bound by our opinions in *Gallups*, *Swain*, and *McGuire*, in which we employed language that suggested that exigent circumstances were a requirement to support a warrantless arrest under article 14.03(a)(1). Accordingly, Appellee contends that the court of appeals erred by adhering to the text of article 14.03(a)(1) instead of this Court's opinions. To the extent that *Gallups*, *Swain*, and *McGuire* could be read as prescribing an exigent circumstances requirement to article 14.03(a)(1) arrests, Appellee is arguably correct that the court of appeals was bound to follow those opinions, regardless of the court of appeals's opinion of whether those opinions were wrongly decided.[1]

But the court of appeals was also correct, getting to the same conclusion we have just reached in *Armstrong v. State*, — S.W.3d —, No. PD-0409-22, 2025 WL 1517410 (Tex.

---

[1] *See State v. Jackson*, 75 S.W.3d 653, 657–58 (Tex. App.—Eastland 2002, pet. ref'd) (court of appeals was bound by decision of this Court, although it believed that we had based our decision upon an erroneous view of a split United States Supreme Court decision, and "respectfully suggest[ing] that [this] court reexamine its position[.]"); *Ware v. State*, 62 S.W.3d 344, 350 n.1 (Tex. App.—Fort Worth 2001, pet. ref'd) (where "Appellant urges us [the court of appeals] to overrule *Malik* . . . We [the court of appeals] cannot overrule the court of criminal appeals."); *Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd) (Although agreeing with appellant that cases from this Court "seem[ed] incongruent, . . . also agree[ing] with the State that as an intermediate appellate court" the court of appeals was "bound to follow the pronouncements of the court of criminal appeals.").

Crim. App. May 28, 2025). In *Armstrong*, we explicitly held that article 14.03(a)(1) does not have an exigency requirement.[2] As a result, even if Appellee is correct that the court of appeals erred at the time of its opinion, there is nothing to be gained by vacating the court of appeals's opinion and remanding the matter back to that court to reconsider the matter under the proper standard. The court of appeals already applied the correct reading of the statute in front of it.[3] The issue as to whether Appellee's house was a suspicious place under article 14.03(a)(1) is not before us, and we therefore express no opinion as to whether the court of appeals or the trial court were correct with regard to whether Appellee was found in a suspicious place.

We affirm the judgment of the court of appeals, and we remand the case to the trial court for further proceedings.

Delivered: July 30, 2025
Publish

---

[2] *Armstrong*, 2025 WL 1517410, at *1 ("the central issue in this case is whether an exigency requirement exists for warrantless arrests. We conclude that it does not."); at *6 ("we conclude that neither the plain text of Article 14.03 nor our caselaw imposes an exigency requirement."); at *7 ("The issue before this Court is limited to whether Article 14.03(a)(1) includes an exigency requirement. Our conclusion is a definitive no.").

[3] In an analogous situation, in *Harrell*, this Court declined to remand to the court of appeals where it applied an incorrect legal standard in its original opinion, but this Court thereafter issued a holding in a different case that had the effect of vindicating the court of appeals's original opinion. *Harrell v. State*, 980 S.W.2d 661, 661–62 (Tex. Crim. App. 1998). "In [that] situation, this Court would normally . . . remand in light of [new case law]. However, a remand [was] unnecessary in [that] case, since the Court of Appeals [had] already" applied the proper legal standard. *Id.* at 661. "There [was] no issue left for the Court of Appeals to resolve." *Id.* "The Court of Appeals' conclusion in its original opinion [was] now correct under [the new case law]." *Id.* at 661–62.